**UNITED STATES of America,
Plaintiff,**

v.

**Roger S. BANDY, Defendant.
Crim. No. 9155.**

United States District Court
D. North Dakota,
Southeastern Division.
June 19, 1967.

John O. Garaas, U. S. Atty., Fargo, N. D., for plaintiff.

Roger Bandy, pro se.

ORDER

RONALD N. DAVIES, District Judge.

This criminal action arose out of an indictment returned by a Grand Jury on April 6, 1966, charging the defendant,

---

Roger S. Bandy, with violation of § 3146, 18 U.S.C.A. The defendant moved to dismiss the indictment pursuant to Fed. Rules Crim.Proc. rule 48(b), 18 U.S.C.A., contending that there has been an unreasonable and unnecessary delay in bringing him to trial.

Bandy is presently in the Federal Penitentiary at Leavenworth, Kansas, serving a sentence imposed upon him pursuant to his conviction on September 10, 1959, under a six count indictment charging violations of § 287, 18 U.S.C. The defendant's conviction was affirmed by the Eighth Circuit Court of Appeals and pending a petition for a writ of certiorari to the Supreme Court of the United States, he was released from custody on his own recognizance by order of Associate Justice of the Supreme Court William O. Douglas. The application for a writ of certiorari was denied and the Eighth Circuit Court of Appeals mandate was filed in this Court March 30, 1962. After the lapse of 30 days during which period Bandy should have but did not surrender himself to the United States Marshal for North Dakota as required by the mandate, this Court on May 1, 1962, issued a warrant for his arrest. *Bandy was finally apprehended December 9, 1965*, in New York City and is presently confined in Leavenworth Penitentiary.

█ Rule 48(b) provides that a court may dismiss the indictment if there is an unnecessary delay in bringing a defendant to trial. This rule and the Sixth Amendment to the Constitution of the United States apply equally, if the defendant's contention is correct, since a decision relating to the defendant's right to a speedy trial under the Sixth Amendment will dispose of his motion under rule 48(b).

█ Under the Sixth Amendment the right to a speedy trial does not arise until after a prosecution is instituted against an accused. Reece v. United States, (5th Cir. 1964) 337 F.2d 852. While over 13 months have elapsed between the return of the indictment and the present motion, the passage of time in itself does not demonstrate a violation of the Sixth Amendment's guarantee of a speedy trial. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed. 627.

> " 'The right of a speedy trial is unnecessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' Beavers v. Haubert, 198 U.S. 77, 87 [25 S.Ct. 573, 576, 49 L.Ed. 950]. 'Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. * * The delay must not be purposeful or oppressive.' Pollard v. United States, 352 U.S. 354, 361 [77 S.Ct. 481, 486, 1 L.Ed.2d 393]. '(T)he essential ingredient is orderly expedition and not mere speed.' Smith v. United States, 360 U.S. 1, 10 [79 S.Ct. 991, 997, 3 L. Ed.2d 1041]." United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773.

As the Court said in Reece v. United States, 337 F.2d 852:

> "The delay complained of was not so prolonged as to be *per se* unreasonable; nor has there been any suggestion that the delay was purposeful or oppressive or that it adversely affected (defendant's) defense or his opportunity to prepare a defense. * * *"

█ If a defendant wants a speedy trial, it is his duty to ask for it. Davidson v. United States, (8th Cir. 1963) 312 F.2d 163. Realistically, the present motion is such a request, and the Court suggests that the United States attorney for the District of North Dakota treat it as such.

The defendant's motion to dismiss the indictment because of unreasonable and unnecessary delay is denied.