478 P.2d 295

Terry HADLOCK, Plaintiff-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 10385.

Supreme Court of Idaho.

Dec. 24, 1970.

Webb, Tway & Redford and Gardner W. Skinner, Jr., Boise, for plaintiff-appellant.

Robert M. Robson, Atty. Gen., and Martin R. Ward, Special Asst. Atty. Gen. of Idaho and Ellison M. Matthews, Pros. Atty. for Ada County, Boise, for defendant-respondent.

SPEAR, Justice.

On November 22, 1967, appellant, while then an inmate at the Oregon State Penitentiary, was served with a warrant of arrest issued by the justice court of Ada County, Idaho, dated August 14, 1967, charging him with the crime of robbery. Shortly after the warrant for Mr. Hadlock's arrest was issued, the Ada County Prosecutor's Office placed a "hold line" on him at the Oregon State Penitentiary which continued in effect until he was released. On September 20, 1967, the deputy prosecuting attorney for Ada County wrote to the Attorney General of Oregon requesting information relative to the procedures necessary to obtain appellant's custody for purposes of trial in Ada County. By return letter dated November 21, 1967 the Attorney General of Oregon advised the deputy prosecutor that the Oregon Criminal Extradition Act did not incorporate Section 5 of the Uniform Criminal Extradition Act, which latter section provides for executive agreements in the case of extradition of persons serving sentences in penal institutions. In conclusion, the Oregon Attorney General stated: "We must therefore advise you that we would advise the Governor of Oregon not to honor any request for extradition in the case of Mr. Hadlock."

On approximately December 18, 1967, appellant filed with Idaho authorities a petition for a fair and speedy trial. No acknowledgment of receipt of the petition was ever sent to him by any Idaho authorities.

In June, 1968 appellant was returned to Idaho after his Oregon sentence was suspended. The record discloses that a preliminary hearing was scheduled to commence soon after appellant's return from Oregon but the day the preliminary was to proceed the hearing was postponed on Mr. Hadlock's motion so that he could seek other counsel. On August 20, 1968, appellant was afforded a preliminary hearing,

and thereafter held to answer to the charge in district court. An information charging Mr. Hadlock with the crime of robbery was filed in district court on October 4, 1968. The deputy prosecuting attorney testified that the six-week interval resulted from a delay in receiving a transcript of the preliminary hearing and that the district court would not accept the filing of an information before a transcript was prepared.

A writ of habeas corpus was filed by appellant on October 11, 1968 wherein he alleged that he had been denied his right to a fair and speedy trial. The writ was denied by the Honorable Merlin S. Young, District Judge, on November 18, 1968 from which this appeal is taken.

Appellant contends on appeal that, considering the holding of this court in Richerson v. State of Idaho, 91 Idaho 555, 428 P.2d 61 (1967); Article 1, Section 13 of the Idaho Constitution; and the Sixth Amendment to the United States Constitution, the district court committed error by denying the writ of habeas corpus. It is appellant's theory that the prosecutor's office, by writing a single letter to the Oregon Attorney General, did not make a bona fide effort to effect his extradition from Oregon and should have made a formal request to the Governor. With this contention we do not agree.

Richerson v. State of Idaho, supra, establishes that the state has a duty to make a sincere effort to obtain an accused's temporary custody from federal authorities for trial where statutory provision existed under 18 U.S.C.A. § 4085 to return federal prisoners to the states for trial. Since *Richerson,* the United States Supreme Court has held that by reason of the Sixth Amendment there is a duty on the states to make a diligent, good-faith effort to attempt to return an accused from federal incarceration to the state for trial. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). The holding and rationale of

these cases unquestionably applies with equal vigor to a situation such as in this case, where an accused is imprisoned in another state.

■ Therefore, there existed in this case a duty on the state to attempt to bring Mr. Hadlock to trial in Idaho promptly. He insists that the prosecutor did not make the good-faith effort required of him to effect his extradition. While the prosecutor's efforts were minimal at best, none of the above cited authorities compel reversal of the district court. In *Richerson, Dickey,* and *Smith* there was definite statutory provision for federal authorities to release federal prisoners for trial on state charges, and the prisoners in each case would, most probably, have been released to the states. Smith v. Hooey, 393 U.S. 374, 381, 89 S.Ct. 575, 578, 21 L.Ed.2d 607 and n. 13 (1969). However, in this case the Oregon Criminal Extradition Act, Or.Rev.Stat. § 147.010 et seq. (1963), contains no provision empowering the governor of that state to allow transfer of an inmate in the Oregon State Penitentiary to another state for trial. Appellant does not contend that the Governor of Oregon would still have had discretion in the case or might have been under compulsion from some other source to have granted Idaho's request for extradition. Under these circumstances, to hold that appellant's right to a speedy trial, and the state's consequent duty to make a diligent, good-faith effort to gain custody of him from Oregon, included a duty on the state to continue with a request that would have been denied is to vest appellant with a nugatory right since the net result vis a vis his right to a speedy trial is the same whether a further request is made or not. In this case, any further efforts by the prosecutor would have been useless and appellant has not had his trial in Idaho delayed by any delinquency chargeable against the state.

■ Although there is no fixed time within which an accused must be tried, we do not feel that the delay bespeaks any significant denial even assuming that the

prosecutor's efforts were insufficient. This court has held that the time within which an accused is to be secured in his right to a speedy trial must be computed from the time the complaint is filed against him. Jacobson v. Winter, 91 Idaho 11, 415 P.2d 297 (1966); Richerson v. State of Idaho, supra. Approximately thirteen months elapsed between the time the warrant for Mr. Hadlock's arrest was issued and the time the information was filed. However, only ten months elapsed between the date the warrant for appellant's arrest was issued and when he was returned for his preliminary hearing. The prosecuting attorney was prepared to conduct the preliminary hearing at that time, but it was not held until some two months later, having been postponed on appellant's own motion so that he could attempt to retain counsel other than that appointed for him. Certainly the period of postponement cannot be charged against the state as in any way contributing to the alleged delay in affording the appellant a speedy trial since it was not the result of any inaction by the state. Mr. Hadlock will be bound by his choice between having his case proceed immediately on his return to this state and taking time to find a replacement for his appointed counsel. Nor do we feel that the delay of ten months from the time the warrant was issued until he was actually returned to Idaho amounted to a denial of his right to a speedy trial. Indeed, whether one has been denied a speedy trial is necessarily determined by reference to factors other than just the passage of time. United States v. Bandy, 269 F.Supp. 969 (D.N.D.1967). Considering other factors such as "purposeful or oppressive" delay, the federal courts have found that delays of thirteen and nine months worked no denial of a swift trial. United States v. Bandy, supra; United States v. Penn, 267 F.Supp. 912 (E.D.La.1967).

The six-week interval between the time the preliminary hearing was held and the information was filed resulted from a delay in preparing a transcript of the preliminary hearing. A delay for such a reason is reprehensible to be sure. However, there is nothing in the record to indicate that it occurred through any fault of the prosecutor's office, and was neither purposeful nor oppressive in this case.

The denial of the writ of habeas corpus is affirmed.

McFADDEN, C. J., McQUADE and DONALDSON, JJ., and LODGE, D. J., concur.