531 P.2d 236

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Newell M. LINDSAY, Defendant-Appellant.**

**No. 11389.**

Supreme Court of Idaho.

Jan. 29, 1975.

---

Charles H. Creason, Rupert, Jimi Mitsunaga, Salt Lake City, Utah, for defendant-appellant.

W. Anthony Park, Atty. Gen., Ronald D. Bruce, Asst. Atty. Gen., Boise, Gordon S. Nielson, Prosecuting Atty., Cassia County, Burley, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a judgment of conviction for unlawful delivery of a controlled substance in violation of I.C. § 37–2732(a). The only question presented is whether appellant Lindsay was deprived of his constitutional right to a speedy trial.

In 1971 the Idaho Commission for Pardons and Parole had paroled Lindsay to the State of Utah. The charge resulting in that parole was unrelated to the present offense. On February 14, 1972 a criminal complaint issued charging Lindsay with the above offense. A fugitive complaint based on the instant offense was issued and Lindsay was arrested thereon in Utah on April 13, 1972. He was immediately released upon bond. At some time later that fugitive complaint was dismissed because the governor's warrant had not been received. In December 1972 a second fugitive complaint upon the same charge was issued and again resulted in Lindsay's arrest in Utah. Once again he was immediately freed upon bond. The governor's warrant arrived in due time at which point Lindsay waived further extradition process and voluntarily returned to Idaho.

On February 23, 1973 Lindsay made his initial court appearance in Idaho. Apparently a speedy trial issue was raised for the first time on March 16, 1973 at the preliminary examination. Lindsay moved the district court to dismiss the complaint for lack of speedy trial, which motion was denied. The matter proceeded to trial and Lindsay was convicted.

Idaho's constitution, art. 1, sec. 13, provides in pertinent part:

"In all criminal prosecutions, the party accused shall have the right to a speedy and public trial; * * *"

The provisions of I.C. § 19–3501, which generally require that an indictment must be returned against a person at the next term of court after which he has been held to answer and that a defendant must be tried at the next term after an indictment against him is found, reflect the meaning of that constitutional guarantee. Jacobson v. Winter, 91 Idaho 11, 415 P.2d 297 (1966); Schrom v. Cramer, 76 Idaho 1, 275 P.2d 979 (1954); Ellenwood v. Cramer, 75 Idaho 338, 272 P.2d 702 (1954). Appellant does not contend that the rights secured by I.C. § 19–3501 have been violated, nor does he dispute respondent's statement that the statutory provisions relating to speedy trial were followed. We have no indication from the record that the statute has been contravened.

The right of speedy trial as guaranteed by a state constitution or statute cannot be said to be necessarily identical to that right to speedy trial guaranteed in the Constitution of the United States. We find, however, that the "balancing test" laid down in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) is consistent with decisions of this court stating that whether one has been deprived of his right to a speedy trial must be decided by reference to considerations in addition to the mere passage of time. Hadlock v. State, 93 Idaho 915, 478 P.2d 295 (1973); Ellenwood v. Cramer, 75 Idaho 338, 272 P.2d 702 (1954).

In *Barker*, the U. S. Supreme Court recognized that speedy trial cases must be dealt with on an *ad hoc* basis, held that a balancing test was the appropriate method to approach speedy trial questions and set forth four factors determinative of whether a speedy trial had been denied. Those

factors were—length of delay, reasons for the delay, the accused's assertion of his right, and prejudice to the accused occasioned by the delay. It was also stated in *Barker* that the length of delay is said to be a "triggering mechanism" for the invocation of judicial scrutiny.

Herein the time for computing the delay begins on February 14, 1972, the date of issuance of the complaint. State v. Wilbanks, 95 Idaho 346, 509 P.2d 331 (1973); Richerson v. State, 91 Idaho 555, 428 P.2d 61 (1967); Jacobson v. Winter, 91 Idaho 11, 415 P.2d 297 (1966); *see also* United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Since Lindsay was brought to trial on April 17, 1973, the intervening period was thus some fourteen months, long enough to "trigger" our inquiry.

We now consider the reason or reasons for the delay. It appears that prior to February 23, 1973, Lindsay's initial court appearance in Idaho, the responsibility for the delay is dual in nature. While Lindsay apparently voluntarily absented himself from the State of Idaho, delay in the extradition proceedings was attributable to the state. Nevertheless, there is no contention by the appellant (and we find no evidence) of an attempt by the state to hamper Lindsay's defense by means of dilatory tactics.

We next consider the third factor spelled out in *Barker*—that of demand. Here, as in *Barker*, the assertion of a speedy trial commenced at a late point in the proceedings, to wit, on March 16, 1973. It is apparent that Lindsay had knowledge of the criminal complaint against him at least as early as April 1972 when he was first arrested in Utah on the fugitive complaint. As noted by the Supreme Court in *Barker* such does not demonstrate that Lindsay was particularly desirous of obtaining a speedy trial at least in the early going. Once Lindsay asserted his right to speedy trial he was tried within approximately one month. Appellant relies heavily upon Jacobson v. Winter, *supra*, and Richerson v. State, *supra*, but both cases are distinguishable in that here there were not the early and insistent demands for trial as were present in those cases.

We examine finally the factor of prejudice and determine that, if existent at all, it was minimal. There is no contention that Lindsay's ability to present the defense was impeded by the delay. Lindsay suffered no lengthy pretrial incarceration since when arrested in Utah in both cases he was immediately released upon bond.

We hold that Lindsay's right to a speedy trial guaranteed under the Idaho constitution and statutes, or guaranteed under the Constitution of the United States, has not been violated. The judgment of the trial court is affirmed.

McQUADE, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.