579 P.2d 697

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jerry L. HOBSON, Defendant-Appellant.**

No. 12046.

Supreme Court of Idaho.

June 1, 1978.

---

Ellison M. Matthews of Matthews, Lee & Wilson, Boise, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

This is the second appeal concerning the January 21, 1972, arrest of defendant-appellant Jerry L. Hobson for illegal possession of drugs. *See: State v. Hobson*, 95 Idaho 920, 523 P.2d 523 (1974) (hereinafter *Hobson I*). On this appeal appellant argues that: (1) he was arrested without probable cause; (2) his consent to a police search of his motel room was involuntary; and (3) he was denied the right to a speedy trial. In light of our disposition of the case we need only discuss the last contention. On that basis we reverse.

In *Hobson I* an order of the district court suppressing evidence obtained in a search of appellant's automobile and motel room was reversed and the case was remanded for trial. Remittitur was issued on July 3, 1974, following denial of a petition for rehearing. On September 4, 1974, two months after the remittitur in *Hobson I*, appellant moved to dismiss the information, asserting a denial of his right to a speedy trial pursuant to I.C. § 19–3501. No hearing was held on this motion until March 20, 1975, when the motion to dismiss was denied by the district court. Trial was held

on June 9, 1975, and a jury found appellant guilty on June 11, 1975.

Appellant asserts that his constitutional right to a speedy trial has been violated in contravention of both the Idaho and United States Constitutions. Because we hold that appellant's right of speedy trial under article 1, § 13, of the Idaho Constitution, as defined by I.C. § 19–3501, has been abridged, we need not also address the sixth amendment issue.

Criminal defendants are constitutionally guaranteed the right to a speedy public trial. U. S. Const. Amend. VI. The sixth amendment guarantee is a fundamental right, made binding on the states by the due process clause of the fourteenth amendment. *Klopfer v. State of North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The Idaho Constitution also affords the party accused in a criminal prosecution the right to a speedy trial. Idaho Const. art. 1, § 13. However, the right to a speedy trial under the Idaho Constitution is not identical to the right guaranteed by the United States Constitution. *State v. Lindsay*, 96 Idaho 474, 531 P.2d 236 (1975). While inquiries into speedy trial claims under the federal constitution involve *ad hoc* determinations under guidelines established by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Idaho constitutional provision has been supplemented by legislation. I.C. § 19–3501; *Schrom v. Cramer*, 76 Idaho 1, 275 P.2d 979 (1954); *Ellenwood v. Cramer*, 75 Idaho 338, 272 P.2d 702 (1954).

Idaho Code § 19–3501 provides:

*19–3501. When action may be dismissed.*—The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

.    .    .    .    .

(2) If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of

the court in which the indictment is triable, after it is found.[1]

Under I.C. § 19–3501, the district court *must* dismiss an action wherein a criminal defendant is not tried during the next term of court after the information is triable, "unless good cause to the contrary is shown." When a criminal defendant makes a prima facie showing that his right to a speedy trial is violated under I.C. § 19–3501, the district court must determine whether "good cause" for the delay is shown by the state under our statute. In such cases the burden is on the state to show "good cause" for the delay, just as the primary responsibility for bringing a case to trial is upon the state. *Barker v. Wingo, supra* 407 U.S. at 529, 92 S.Ct. 2182; *United States v. MacDonald*, 531 F.2d 196, 207 (4th Cir. 1976); *United States v. Macino*, 486 F.2d 750, 753 (7th Cir. 1973).

Appellant was not tried until the third term of court following the term of court that the remittitur in *Hobson I* issued.[2] Under I.C. § 19–3501, appellant should have been tried at least before the end of the September 1—December 31, 1974 term of court, "unless good cause to the contrary is shown." The issue, therefore, is whether any of the delay after the case was ordered to be tried by the remittitur in *Hobson I* is justified under I.C. § 19–3501 as being for "good cause."

▪ The state has not shown any justification for failure to prosecute appellant during the two intervening terms of court from the date of the court's remittitur in *Hobson I* and the date of appellant's trial, as is required by I.C. § 19–3501. Initially, we note that none of this delay was upon the appellant's application. The state asserts that delay in hearing appellant's

speedy trial claim was due to confusion in noticing his motion for hearing, and that the trial was held shortly after the motion to dismiss was heard and denied by the district court. This argument ignores the fact that appellant's motion to dismiss notified the state of appellant's assertion of his right to a speedy trial. This occurred on September 4, 1974, following the term of court that the remittitur was issued and the prosecution found triable, and only two months after the remittitur issued. Despite appellant's assertion of his right to a speedy trial, the state failed to prosecute appellant until the third term of court following remittitur in *Hobson I.* We hold that "good cause" for the delay not having been shown by the state, the district court erred in denying appellant's motion to dismiss pursuant to I.C. § 19–3501.

▪ The district court mistakenly applied the four-fold balancing test for speedy trial claims enunciated by the United States Supreme Court in *Barker v. Wingo, supra*, in denying appellant's motion to dismiss.[3] This ignores the legislative supplementation of the Idaho constitutional guarantee. I.C. § 19–3501. *Barker v. Wingo, supra*, is not applicable when I.C. § 19–3501 has been violated. The district court should have applied I.C. § 19–3501 and dismissed the action on that basis.

Judgment of conviction is reversed with directions to the district court to dismiss the information.

BAKES and BISTLINE, JJ., concur.

DONALDSON, J., concurs in the result.

SHEPARD, Chief Justice, dissenting.

I strongly dissent from the majority opinion and the result obtained thereby. The

---

1. Provisions concerning indictments are equally applicable to prosecutions based upon an information. I.C. § 19–1304.

2. Three terms of court are held in the Fourth Judicial District each year. Unless the day is a non-judicial day or holiday, each term of court in Ada County begins on the first Monday of January, May and September. IDAHO STATE BAR DESK BOOK, Local District Court Rules and Calendars, Fourth Judicial District.

3. In *State v. Lindsay, supra,* a fourteen month delay had occurred in bringing the defendant to trial. In that case I.C. § 19–3501 had not been contravened, however, and the only issue was whether the Idaho constitutional guarantee, apart from the statutory definition, had been violated. We there applied the *Barker* balancing test in determining the constitutional speedy trial issue.

appellant was charged and following trial, convicted of the illegal possession with the intent to deliver some 46,000 amphetamine pills. The majority opinion directs that appellant's conviction be reversed and the information be dismissed. In my judgment there is no good reason for allowing the appellant to escape the consequences of his criminal conduct.

This matter began more than seven years ago on January 21, 1971, when appellant was arrested. He sought and obtained an order of the district court suppressing certain evidence, to wit: the pills. That order was the subject of an appeal in *State v. Hobson*, 95 Idaho 920, 523 P.2d 523 (1974). There the order of the district court suppressing the evidence was held erroneous and the matter was reversed for further proceedings. That opinion issued June 12, 1974, a petition for rehearing was denied and remittitur issued on July 3, 1974. Rather obviously, the appellate wheels of justice did not turn quickly.

Thereafter appellant was tried and convicted and this appeal results. Appellant again contends on this appeal that the evidence upon which he was convicted should have been suppressed which, of course, is contrary to this Court's opinion in *State v. Hobson, supra.* In my judgment, such an assertion is readily disposed of by the doctrine of the law of the case. *See People v. Shuey*, 13 Cal.3d 835, 120 Cal.Rptr. 83, 533 P.2d 211 (1975); *People v. Medina*, 6 Cal.3d 484, 99 Cal.Rptr. 630, 492 P.2d 686 (1972). It is that aspect of appellant's case which the majority bypasses.

Appellant also asserts that he was denied his right to a speedy trial and it is on that basis that the majority reverses the conviction. The majority bases its conclusion in the instant case on I.C. § 19–3501 which requires the dismissal of a prosecution if a defendant is not brought to trial at the next term of court and *unless good cause to the contrary is shown*. This Court in *State v. Lindsay*, 96 Idaho 474, 531 P.2d 236 (1975), in affirming an order denying a defendant's motion for speedy trial stated:

"The right of speedy trial as guaranteed by a state constitution or statute cannot be said to be necessarily identical to that right to speedy trial guaranteed in the Constitution of the United States. We find, however, that the 'balancing test' laid down in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is consistent with decisions of this court stating that whether one has been deprived of his right to a speedy trial must be decided by reference to considerations *in addition to the mere passage of time*. *Hadlock v. State*, 93 Idaho 915, 478 P.2d 295 (1973); *Ellenwood v. Cramer*, 75 Idaho 338, 272 P.2d 702 (1954)."

96 Idaho at 475, 531 P.2d at 237 (emphasis supplied). The Court in *Lindsay* then went on to state that the "balancing test" required the examination of four factors to determine if a speedy trial had been denied. The factors are length of delay, reasons for the delay, the accused's assertion of his right and prejudice to the accused occasioned by the delay. *Id.* at 475–76, 531 P.2d at 237–38. In *Lindsay* it was noted that the lateness of the assertion of a speedy trial was a significant factor. In *Lindsay* it was also noted that the time for the computation of delay begins at the date of the issuance of the complaint.

In the instant case it should be noted that the defendant's assertion of his right to speedy trial was made more than 2½ years after the initiation of the criminal proceedings, *i. e.*, on September 4, 1974. If the validity of that motion is to be determined as of the date of its filing, I would hold that clearly there was reasonable cause for the delay until that point in time. At least the majority cites us to no case holding that time consuming appellate procedures are grounds for the holding that a defendant's right to speedy trial had been denied.

Defendant's motion was not heard until March 20, 1975, at which point it was denied. If we are to look at that point in time as determinative of whether defendant's right to speedy trial was denied, I would not so hold. Only something over a six months delay had resulted as of that time.

Looking at the reasons for the delay, the majority opinion finds no good cause and states, "The state failed to prosecute appellant." I think the majority holding ignores several practical considerations. First, the State is not synonymous with the court. "The State" cannot calendar cases for trial nor schedule motions to be heard nor decide motions. Those actions can only be taken by the court. To castigate the "State" serves no purpose and if criticism there is to be, it should be levelled against the court system. However, I feel that there is no necessarily valid criticism to be levelled at the court in this matter.

As of January 1, 1975, I.R.C.P. 7(b)(3) provided that if oral argument on a motion is requested, the moving party must file a notice setting the motion for hearing. The record herein is clear that the appellant made no such request. Although the civil rules are not necessarily applicable to criminal proceedings, nevertheless, as to matters not covered in the Criminal Rules, the civil procedures would appear applicable. *See State v. Palmer*, 574 P.2d 533 (1978); *see also* I.C.R. 57(b).

As did the Court in *Lindsay*, I would examine finally the factor of prejudice contained in the "balancing test," *i. e.*, prejudice to the accused occasioned by the delay. As in *Lindsay*, I would hold here that the factor of prejudice if existent at all, was minimal. Here, as in *Lindsay*, there was no lengthy pretrial incarceration. Appellant was at all times and is presently free on bond. Although the appellant here has asserted that his ability to present the defense was impeded by the delay, the trial court specifically held to the contrary. The only assertion made on appeal is that, of the 46,000 amphetamine pills, some 12,000 were destroyed during the State's chemical analysis. Some 34,000 capsules remained if appellant desired to move for a production of that evidence to the end of obtaining independent analysis. No such assertion was ever made by the defendant nor did he move for a production of that evidence. I would further note that appellant offered no evidence whatsoever at trial and the evidence leading to the conviction was high in quality and almost overwhelming.

In short, I believe that this Court has held that the "balancing test" must be applied and it is clear to me that such a "balancing test" must also be included in those cases wherein a term of court has passed since the filing of an information. Here, I believe good cause was shown in that the largest part of the delay was directly attributable to this Court in its handling and disposition of the appeal. Thereafter the delay was at least partially attributable to the defendant.

Today's decision is a particular source of irritation since the delay here was occasioned in large part by this Court. There is not even a suggestion that the result of trial would have been any different if appellant's trial had taken place one week after the receipt of the remittitur from this Court. There is a total absence of any showing of prejudice to the appellant attributable to the delay. Here the delay following receipt of the remittitur was extended from July 3, 1974, until the trial on June 9, 1975. In *Lindsay* a unanimous Court affirmed a conviction in which the appellant asserted a denial of his right to a speedy and public trial wherein the examined time lapse was 14 months. I suggest it will be difficult to rationalize the decision in *Lindsay* with the instant case to the satisfaction of the bar and law enforcement officials in the state. I would affirm the conviction.