749 P.2d 1018

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Edward P. SINDAK,**
**Defendant–Appellant.**

**No. 16869.**

Court of Appeals of Idaho.

Jan. 29, 1988.

Petition for Review Granted
March 24, 1988.

Mitchell Egusquiza, of Beer & Cain, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Edward Sindak was found guilty of violating I.C. § 18–1509, enticing of children, by a magistrate division jury, a first offense punishable as a misdemeanor. On appeal to the district court, the judgment was affirmed. Sindak appeals from that decision. Although Sindak raises several grounds for reversal of his conviction, we conclude that one issue—the failure of the magistrate to hold Sindak's trial within the time period required by statute—is dispositive. We vacate the judgment of conviction.

Sindak was charged with the crime of enticing children when he attempted to persuade a minor child to leave a trailer parked in the backyard of the child's home without the permission of the child's parents. A complaint against Sindak was issued on September 13, 1985. Sindak pled not guilty on October 1. A trial date was originally set for November 21. This date was vacated and reset for February 6, 1986. When the parties appeared for trial, once again the trial was vacated and reset for a later date, April 24, 1986. On April 11, Sindak moved to dismiss the case for failure of the state to try him within the six-month time limit prescribed by I.C. § 19–3501(3). The court denied his motion and trial was held. The magistrate's rul-

ing was upheld on appeal to the district court.

Idaho Code § 19–3501(3) states in pertinent part:

The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

. . . .

3. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

Under the terms of the statute an action must be dismissed if prosecution is in violation of the time requirements and there exists no "good cause" for the delay. *State v. Dillard,* 110 Idaho 834, 718 P.2d 1272 (Ct.App.1986). If the defendant has established a prima facie case under the statute, the burden to show good cause for the delay shifts to the state. *State v. Hobson,* 99 Idaho 200, 579 P.2d 697 (1978). Sindak has met his threshold burden. The record discloses that the action, due to rescheduling, was tried six months and twenty-four days after Sindak entered his plea of not guilty. The record does not indicate that Sindak requested, caused or stipulated to the delay.

The determination of "good cause" for delay is initially a matter for the discretion of the trial court. *In re Rash,* 64 Idaho 521, 134 P.2d 420 (1943). Whether a legal excuse or "good cause" for the delay has been shown is determined upon the facts and circumstances of each case. *State v. Stuart,* 113 Idaho 494, 745 P.2d 1115 (Ct. App.1987).

The state argues, and Sindak acquiesces in the argument, that to resolve the issue of good cause, we should consider the balancing test prescribed by *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors of this test are: the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. We decline to apply these factors to this case.

The *Barker* analysis was adopted to determine good cause under a violation of the constitutional right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. Sindak has not alleged a violation under the constitutional right to a speedy trial, but instead a violation of the statutory right under I.C. § 19–3501. As determined in *Hobson, supra,* 99 Idaho at 201, 579 P.2d at 698, the statutory right to a speedy trial is not identical to the right under the United States Constitution. *See State v. Lindsay,* 96 Idaho 474, 531 P.2d 236 (1975). The statutory right to a speedy trial supplements and gives additional rigor to the constitutional right.

In *Hobson,* the Court held that the application of the *Barker* analysis ignored the separate legislative supplementation of I.C. § 19–3501. We agree. The statute has a plain meaning that cannot be disregarded. It provides that a prosecution "must" be dismissed if trial is delayed beyond six months without good cause. Based on the distinction drawn in *Hobson,* our analysis in this case does not require an application of the *Barker* factors. *Hobson* is still good law. It was distinguished, but not overruled, in *State v. Russell,* 108 Idaho 58, 696 P.2d 909 (1985). *See also State v. Fairchild,* 108 Idaho 225, 697 P.2d 1239 (Ct.App.1985).

The delay here was based upon setting Sindak's case over in order to accommodate more pressing cases. The court's docket sheet denotes Sindak's case as "not [a] priority case." These records also indicate that Sindak was ready for trial at each of the first two trial dates.

In denying Sindak's motion for dismissal, the trial court reviewed its own actions in causing the delay and determined that good cause existed. We cannot agree with this conclusion although we are aware of the burdens of the trial court in managing an overflowing docket. Such management problems alone, however, do not equal good cause for delay. We remind the court of the importance of the right at issue and the necessity of limiting justification for an abrogation of that right. We repeat our language from *Stuart:*

> The six-month time limitation for speedy trial under I.C. § 19–3501 does not represent a whimsical time frame.... Trial courts must be diligent in securing compliance with time restraints. It is the court's duty to arrange for trial, and mere failure to do so is not good cause for delay.

*Stuart, supra,* 113 Idaho at 496, 745 P.2d at 1117. The administrative convenience in rescheduling Sindak's case one time can be understood by this Court. This, however, will not excuse or justify the second change of trial dates which delayed the case beyond the statutory limitation. The record is devoid of any showing that an effort to avoid the delay was made—e.g., by the possibility of assigning the case to another local judge or by bringing in additional magistrates from elsewhere in the district to hear cases on a crowded local docket.

We conclude that the trial court erred in failing to grant Sindak's motion to dismiss. Because the district court upheld the magistrate's ruling, we reverse the district court's determination and we vacate the judgment of conviction.