786 P.2d 592

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Manuel Luis ABERASTURI,
Defendant–Respondent.**

No. 17923.

Court of Appeals of Idaho.

Feb. 1, 1990.

---

**3.** *Reed* interpreted then I.C. § 49–730 which was later recodified as I.C. § 49–644, the statute involved here.

Jim Jones, Atty. Gen. by Michael J. Kane and Myrna A.I. Stahman, Deputy Attys. Gen., Boise, for plaintiff-appellant.

William H. Wellman, Nampa, for defendant-respondent.

BURNETT, Judge.

This is another in a series of criminal cases where dismissals have been sought because trials were not held within six months as provided by I.C. § 19–3501. The state has appealed a district court decision affirming a magistrate's order that dismissed the prosecution of Manuel Aberasturi on a charge of driving under the influence. It is undisputed that Aberasturi was not tried within six months. However, in light of an interpretive gloss recently placed upon I.C. § 19–3501 by our Supreme Court, we are constrained to vacate the district court's decision and to remand this case for further proceedings.

The relevant facts are as follows. On July 5, 1987, Aberasturi was charged with the misdemeanor offense of driving under the influence. He entered a plea of not guilty on August 11, 1987. Pretrial conferences were scheduled in September and November, 1987. During that period, Aberasturi changed attorneys. He also considered changing his plea, but decided against it. In November, a magistrate voluntarily disqualified himself and another magistrate was assigned to the case. The prosecutor informed the court that she would be on vacation in January, 1988, and she requested no trial settings during that month. The court set the case for trial on February 17, 1988.

On January 27, 1988, Aberasturi's lawyer filed a motion to dismiss for lack of a speedy trial under I.C. § 19–3501(3). The motion was noticed for hearing on February 10, 1988, coinciding with expiration of the six-month period since entry of Aberasturi's not guilty plea. So far as the record shows, Aberasturi's motion did not trigger any attempt to reschedule the trial within the time remaining in the six-month period. The motion was heard on February 10, 1988, and the magistrate eventually dismissed the case. The district court later affirmed the magistrate's order. The state then filed this appeal.

■ Our analysis begins with the statute. Idaho Code § 19–3501 provides in pertinent part as follows:

The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

.     .     .     .     .

3. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters plea of not guilty with the court.

In *State v. Hobson,* 99 Idaho 200, 579 P.2d 697 (1978), our Supreme Court recognized that the statute, couched in plain and mandatory language, gives specific meaning to the right of a speedy trial in Idaho. The Court held that if a trial is not held in six months, the prosecution must be dismissed unless the state satisfies a burden of showing "good cause" for the delay. The Court specifically noted that a dismissal under the statute makes it unnecessary to consider whether there also has been a denial of the federal constitutional right to a speedy trial—a question governed by criteria enunciated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

*Barker* requires a court to weigh the circumstances of delay against any prejudice suffered by the defendant. Consequently, *Barker* injects a fair trial element into the speedy trial issue. Through this blending of speedy trial and fair trial inquiries, *Barker* establishes a more malleable and less rigorous standard than does I.C. § 19–3501, which focuses simply on the fact of delay and any justification for it. In *Hobson,* the Idaho Supreme Court refused to broaden this statutory focus. However, in *State v. Russell,* 108 Idaho 58, 696 P.2d 909 (1985), the Court revisited the speedy trial issue. There, the Court distinguished *Hobson* and proceeded to apply the *Barker* criteria.

Against this backdrop of *Hobson* and *Russell,* our Court addressed speedy trial issues in *State v. Stuart,* 113 Idaho 494, 745 P.2d 1115 (Ct.App.1987), and *State v. Sindak,* 113 Idaho 893, 749 P.2d 1018 (Ct. App.1988), *reversed on review,* 116 Idaho 185, 774 P.2d 895 (1989). In each case, we noted that *Hobson* had not been overruled by *Russell.* We adhered to the literal and straightforward application of I.C. § 19–3501. However, the Supreme Court granted review in *Sindak* and held that "good cause" for delay under the statute must be evaluated in the broader context of *Barker.*

In the present case, the magistrate and the district judge had the benefit of our opinions in *Stuart* and *Sindak,* but not of the Supreme Court's opinion on review in *Sindak.* Both judges dutifully followed our lead by noting the fact of delay and determining whether there was an adequate justification for it. They did not employ the balancing test contained in *Barker.* We are now constrained to hold, in light of the interpretive gloss placed upon I.C. § 19–3501 by our Supreme Court in *Sindak,* that a determination of "good cause" must be made by reference to *Barker.* The application of *Barker* to the facts of a given case is a task committed in the first instance to the trial court. It is not a function to be performed *sua sponte* by this Court on appeal.

Accordingly, the decision of the district court, upholding the magistrate's order of dismissal, is vacated. The case is remanded for further proceedings consistent with this opinion.

WALTERS, C.J., and SWANSTROM, J., concur.