803 P.2d 557

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Dennis Dwayne JOHNSON, Defendant–Appellant.**

**No. 18288.**

Court of Appeals of Idaho.

Dec. 24, 1990.

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Jr., Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

This case involves a question of whether a criminal defendant was granted a speedy trial. Dennis Dwayne Johnson filed a motion to dismiss a felony charge of forgery on the basis that eight months had elapsed between the time the information was filed and the time his trial was scheduled. The district court denied this motion on the basis that the prosecution showed good cause for the delay: Johnson had disappeared and was incarcerated in another county on an unrelated crime. Johnson now appeals the judgment. We affirm.

The facts of this case are as follows. Johnson was charged with forgery in an information filed in Ada County on May 11, 1988. He was initially arraigned on May 13, 1988, and was granted a continuance to May 27, 1988, to obtain private counsel. He was continued on bond. Following his appearance on May 13, 1988, Johnson surrendered himself to the Clearwater County Sheriff for arrest on a separate charge. On May 27, 1988, Johnson failed to appear for the Ada County arraignment. An order forfeiting bond and a bench warrant were issued. According to Johnson, he posted bond on the Clearwater County case in late May, 1988. At the direction of Clearwater County, he entered the Teen Challenge Program for drug rehabilitation in Seattle, Washington, on June 15, 1988. The Idaho State Board of Correction took custody of Johnson for a parole violation on July 3, 1988. Approximately six months later, the Ada County Prosecutor received a letter from Johnson. The prosecutor then obtained an order to transport Johnson to Ada County for a December 16, 1988 arraignment. For a reason not apparent from the record, Johnson was not transported, and his arraignment was rescheduled for January 13, 1989. On January 13, 1989, Johnson entered a plea of not guilty. On January 30, he filed a motion to dismiss for lack of a speedy trial. After the hearing, the court entered a memorandum decision denying Johnson's motion to dismiss. Johnson entered a conditional guilty plea, preserving his right to appeal the court's denial of his motion to dismiss. He was sentenced, and judgment was entered. Johnson now appeals the court's denial of his motion to dismiss.

The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 13 of the Idaho Constitution. Idaho's constitutional guarantee of a speedy trial is augmented by statutes. I.C. §§ 19–106, 19–3501. Under I.C. § 19–3501, a court must dismiss an action when the defendant is not brought to trial within six months from the date that the indictment or information is filed, "unless good cause to the contrary is shown."

Good cause means that there is a substantial reason which rises to the level of a legal excuse for the delay. *See State v. Stuart,* 113 Idaho 494, 496, 745 P.2d 1115, 1117 (Ct.App.1987). There is no fixed rule for determining good cause for the delay of a trial. Initially, the matter is left to the discretion of the trial court. *See In re Rash,* 64 Idaho 521, 526, 134 P.2d 420, 421–22 (1943). Because there is no hard and fast rule for determining good cause, the ultimate question of whether legal excuse has been shown is a matter for judicial determination upon the facts and circumstances of each case. *State v. Stuart* 496, 745 P.2d at 1117. However, the judge does not have unbridled discretion to find good cause; on appeal we will independently review the lower court's decision. *Id.*

While the state constitutional right to a speedy trial is not necessarily identical to the federal constitutional right, it is appropriate to consider the same factors weighed by the United States Supreme Court in cases claiming a deprivation of the constitutional right to a speedy trial. *State v. Russell,* 108 Idaho 58, 62, 696 P.2d 909, 913 (1985). These factors are set out in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which is discussed below. In *State v. Lindsay,* 96 Idaho 474, 475, 531 P.2d 236, 237 (1975), our Supreme Court noted the following in regard to the Idaho constitutional guarantee of a speedy trial:

> The right of speedy trial as guaranteed by a state constitution or statute cannot be said to be necessarily identical to that right to speedy trial guaranteed in the Constitution of the United States. We find, however, that the "balancing test" laid down in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is consistent with decisions of this court stating that *whether one has been deprived of his right to a speedy trial must be decided by reference to considerations in addition to the mere passage of time.* *Hadlock v. State,* 93 Idaho 915, 478 P.2d 295 (1973); *Ellenwood v. Cramer,* 75 Idaho 338, 272 P.2d 702 (1954). [Emphasis added.]

This approach was recently re-affirmed in *State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (1989); *see also State v. Aber-asturi*, 117 Idaho 201, 786 P.2d 592 (Ct. App.1990). The balancing test enunciated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), referred to above, is a four-part balancing test to determine whether an accused has been denied a speedy trial. The factors to be considered are: (1) the length of delay; (2) the reason(s) for delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant occasioned by the delay. *State v. Holtslander*, 102 Idaho 306, 309, 629 P.2d 702, 705 (1981), *quoting State v. Lindsay, supra.* In reviewing the present case, we will examine the four factors as they apply to delay of Johnson's trial.

## A. LENGTH OF DELAY

The interval between the filing of the information and Johnson's filing of his motion to dismiss for lack of speedy trial was approximately eight months. A delay of this length is sufficient to trigger an inquiry into whether a speedy trial has been denied. *See State v. Talmage*, 104 Idaho 249, 252, 658 P.2d 920, 923 (1983) (seven and one-half month interval between the first and second trials in that action was sufficient to trigger inquiry). However, when compared to delays which allegedly constituted denial of speedy trial in other cases, we conclude that the eight-month period here is not in itself so excessive as to outweigh the other balancing factors. *See, e.g. State v. Lindsay*, 96 Idaho 474, 531 P.2d 236 (1975) (fourteen-month delay between filing of complaint and date of trial); *State v. Campbell*, 104 Idaho 705, 708–709, 662 P.2d 1149, 1152–53 (Ct.App.1983) (twelve-month delay between filing of complaint and date of trial).

## B. REASONS FOR DELAY

Turning to the next balancing factor, we now look at the reasons for the delay. When Johnson did not appear for his scheduled arraignment on May 27, 1988, a warrant for his arrest and an order revoking his bond were issued. In his motion to dismiss, Johnson asserts that following his May 13, 1988, appearance in Ada County, he surrendered to the Clearwater County Sheriff, subsequently posted bond, and entered the Teen Challenge Program in Seattle, Washington. In July 1988, he was taken into custody for a parole violation arising out of the Clearwater County conviction. When Johnson's whereabouts became known to the Ada County Prosecutor's office, Johnson was transported from the Clearwater County Jail to Ada County for his arraignment on the forgery charges. Johnson failed to appear at the Ada County arraignment, absented himself from the jurisdiction, and failed to communicate with the prosecution for at least five months. When he did notify the prosecutor of his whereabouts, the State acted promptly to secure his return and to continue with the prosecution.

The district court noted that the record established no attempt by Johnson to notify his counsel or the court as to why he was unable to appear for the trial setting. The district court also noted that as soon as the prosecutor was made aware of where Johnson could be found, he was transported and a trial date was set. In *State v. Campbell*, 104 Idaho 705, 710, 662 P.2d 1149, 1154 (Ct.App.1983), *citing State v. Talmage*, 104 Idaho 249, 658 P.2d 920 (1983), this Court noted that "It is clear that where delays in bringing a defendant to trial are caused or consented to by the defendant, he is considered to have waived the right to be tried within the time fixed by statute or required by constitution." In the present case, we are not concerned with the issue of waiver; however, we can consider, in weighing these factors, Johnson's own behavior as a reason for the delay of his trial. Johnson engaged in additional criminal activity in Clearwater County. Having been arrested for unknown crimes in Clearwater County, Johnson subsequently left Idaho. He did not notify his own attorney or the prosecutor of his departure or whereabouts. We conclude that the State has met its burden by showing that the prosecution made a reasonable endeavor to locate the defendant, to take action to

procure his return, and to continue the prosecution as soon as he was located. We further conclude that the reasons for the delay in this case weigh more heavily against Johnson and are more properly attributable to him than to the State.

## C. ASSERTION OF HIS RIGHT

After Johnson was located, he was arraigned on January 13, 1989, and he filed his motion to dismiss for lack of a speedy trial on January 20, 1989. Nothing in the record shows that during his absence from the county he asserted his right to a speedy trial. We hold that this factor also weighs against, rather than in favor of, Johnson's claim of denial of a speedy trial.

## D. PREJUDICE

"[P]rejudice is a central factor in analyzing the right to a speedy trial." *State v. Holtslander,* 102 Idaho 306, 313, 629 P.2d 702, 709 (1981). Where a defendant fails to show a reasonable possibility of prejudice, this factor should be given very little weight, if any, in favor of the defendant. *Id.* Johnson was not subjected to oppressive pretrial incarceration on the forgery charge. Further, there is no contention that Johnson's ability to present his defense was impeded by the delay. He has not alleged that he was prejudiced by the delay in any way. Therefore, we ascribe no weight to the factor of prejudice in this case.

In conclusion, under the applicable balancing test enunciated in *Barker v. Wingo, supra,* we hold that Johnson was not denied his right to a speedy trial. The order denying the motion to dismiss is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.