931 P.2d 1222

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Antonio AVELAR, Defendant–Appellant.**

No. 21515.

Court of Appeals of Idaho.

June 13, 1996.

Nevin, Kofoed & Herzfeld, Boise, for appellant. Dennis A. Benjamin, argued.

Alan G. Lance, Attorney General; Thomas P. Watkins, Deputy Attorney General, argued, Boise, for respondent.

PERRY, Judge.

In this appeal, Antonio Avelar attacks the judgment of conviction and sentence imposed after retrial. Avelar contends that the retrial denied him the right to be protected against former jeopardy, the right to speedy trial and the right to have the state prove beyond a reasonable doubt each and every element of the offense charged. He also contends that his sentence is unreasonable. For the reasons explained below, we affirm.

# I.

# BACKGROUND

The judgment of conviction and ten-year sentence for delivery of cocaine, I.C. § 37–2732(a)(1)(A), resulting from Avelar's 1991 trial was reversed on appeal due to the prosecution's misconduct in withholding exculpatory evidence from the defense. *State v. Avelar*, 124 Idaho 317, 859 P.2d 353 (Ct.App. 1993). After a new trial, a jury again found Avelar guilty of delivery of cocaine. The district court entered a judgment of conviction and imposed a unified sentence of ten years, with a minimum term of confinement of two years. From this judgment and sentence, Avelar filed a timely notice of appeal.

# II.

# ANALYSIS

## 1. Double Jeopardy Bar to Retrial

On appeal, Avelar first contends that his retrial was barred by the double jeopardy protection of the Idaho Constitution and that the charge against him should therefore be dismissed. He argues that this Court is free to adopt a standard different from that of *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), which holds that a defendant who successfully moves for mistrial because of prosecutorial misconduct may not invoke a bar of double jeopardy against a second trial except where the prosecutor's conduct was intended to provoke the defendant into seeking a mistrial. Avelar urges this Court to reject the required showing of prosecutorial intent as a prerequisite to barring a second trial on the basis of former jeopardy.

■ The second trial in Avelar's case was the remedy provided by this Court after concluding that the prosecutor had wrongfully withheld exculpatory information from the defense at trial. Retrial following the reversal of a conviction on grounds other than the insufficiency of the evidence does not offend double jeopardy principles. *Avelar*, 124 Idaho at 321 n. 2, 859 P.2d at 357 n. 2, *citing Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). However, Avelar now claims that double jeopardy protection under the Idaho Constitution precludes his retrial.

■ A motion to dismiss based upon former jeopardy must be raised prior to trial, I.C.R. 12(b)(6), which was not done in this case. Failure to make a timely motion to dismiss bars a defendant from asserting that theory on appeal. *State v. Huston*, 121 Idaho 738, 740, 828 P.2d 301, 303 (1992). While we acknowledge that *Huston* dealt with former jeopardy under I.C. § 18–301, we see no reason to deviate in our application of the rule to a claim of former jeopardy under the Idaho Constitution which should have been raised to the district court. We hold that the district court did not err in proceeding with the retrial.

## 2. Speedy Trial Under Idaho Code Section 19–3501

■ Avelar asserts that he was denied his right to speedy trial under I.C. § 19–3501 because his retrial was held more than six months from the date of the remittitur from his first appeal. Although he admits that the statute does not expressly require that a trial be held within six months following the issuance of a remittitur, Avelar argues that the statute should nevertheless apply. Avelar asserts that because there is no reasonable basis to distinguish between a defendant awaiting trial and a defendant awaiting retrial, equal protection considerations mandate that he be accorded the statutory speedy trial guarantees of I.C § 19–3501.

A criminal action may be dismissed, unless good cause to the contrary is shown, when a defendant is not tried within six months from the date of his arrest, from the date of the filing of the indictment or information, or, where the defendant is charged with a misdemeanor, within six months of entry of a not guilty plea. I.C. § 19–3501. The clear and plain language of the statute, however, does not refer to any period following a remittitur from an appeal after a trial has once been held. *State v. Scroggie*, 114 Idaho 188, 190, 755 P.2d 485, 487 (Ct.App.1988), *applying Olson v. State*, 92 Idaho 873, 875–76, 452 P.2d 764, 766–67 (1969) (new trial necessitated by reversal of conviction on appeal does

not entitle accused to discharge under statute requiring trial within designated time after indictment). Therefore, the scope of the statute does not extend to Avelar's retrial.

We are asked to hold that the statute violates equal protection principles as applied to Avelar and that it should be expanded to require that a retrial be held within six months of the date of the remittitur. However, we need not address the constitutional issue to resolve this question. Even assuming that success on the equal protection claim would bring Avelar within the statute, we conclude that Avelar cannot prevail under the four-factor balancing test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

 This Court is bound to interpret the good cause language of I.C. § 19–3501 by reference to *Barker,* which requires a court to weigh the circumstances of delay against any prejudice suffered by the defendant. *State v. Sindak,* 116 Idaho 185, 774 P.2d 895 (1989), *cert. denied, sub nom., Sindak v. Idaho,* 493 U.S. 1076, 110 S.Ct. 1125, 107 L.Ed.2d 1032 (1990); *State v. Aberasturi,* 117 Idaho 201, 203, 786 P.2d 592, 594 (Ct.App. 1990). *See also State v. Wengren,* 126 Idaho 662, 889 P.2d 96 (Ct.App.1995); *State v. Naccarato,* 126 Idaho 10, 878 P.2d 184 (Ct.App. 1994) (rejecting the invitation to return to *State v. Hobson,* 99 Idaho 200, 579 P.2d 697 (1978) as the standard for determining a defendant's right to speedy trial under I.C. § 19–3501). Good cause for the delay is to be determined by examining the length of the delay, the reasons for the delay, the accused's assertion of a speedy trial right, and the prejudice occasioned by the delay. *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192, *cited in Sindak,* 116 Idaho at 187, 774 P.2d at 897.

 In denying Avelar's motion to dismiss, which asserted his right to speedy trial at the start of the retrial, the district court found that, although more than six months had elapsed since the date of the remittitur,

the delay was caused by the court's full calendar, a neutral factor not attributable to either party. The district court also found that Avelar had failed to show how he was prejudiced by the eight-day delay. Where Avelar was not subjected to oppressive pretrial incarceration or faced with circumstances which would impair his ability to defend his case, we also conclude that prejudice to Avelar's case has not been shown by the trial setting only a few days after the six-month period had lapsed. *See Wengren,* 126 Idaho at 668, 889 P.2d at 102; *Naccarato,* 126 Idaho at 14, 878 P.2d at 188; *State v. Johnson,* 119 Idaho 56, 803 P.2d 557 (Ct.App. 1990). We therefore affirm the decision of the district court denying Avelar's motion to dismiss on speedy trial grounds.

### 3. District Court's Reasonable Doubt Instruction

Avelar claims error in the district court's jury instruction No. 7. The "moral certainty" language contained in instruction No. 7, he asserts, deprived him of his right to have the state prove each and every element of the offense charged beyond a reasonable doubt.

 A court must give pertinent instructions to correctly inform the jury with respect to the nature and elements of the crime charged and the legal principles applicable to the evidence which has been admitted. *State v. Beason,* 95 Idaho 267, 275, 506 P.2d 1340, 1348 (1973); *State v. Ralls,* 111 Idaho 485, 488, 725 P.2d 190, 193 (Ct.App. 1986). Furthermore, instructions are to be read and construed as a whole. *See Victor v. Nebraska,* 511 U.S. 1, 22, 114 S.Ct. 1239, 1251, 127 L.Ed.2d 583, 588 (1994), *citing Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137–38, 99 L.Ed. 150 (1954); *State v. Enno,* 119 Idaho 392, 405, 807 P.2d 610, 623 (1991); *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993).

 As written, instruction No. 7[1] is a replica of the second paragraph of the Cali-

---

1. That portion of instruction No. 7 dealing with reasonable doubt is as follows:

 Reasonable doubt is defined as follows: It is not a mere possible doubt, because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case, which after the entire comparison and consid-

fornia jury instruction approved in *State v. Rhoades*, 121 Idaho 63, 822 P.2d 960 (1991), *on reh'g*, 121 Idaho at 81, 822 P.2d at 978 (1991), *cert. denied*, 506 U.S. 1047, 113 S.Ct. 962, 122 L.Ed.2d 119 (1993). It should also be noted that instruction No. 8,[2] which was given by the district court in Avelar's case, contained the third and fourth paragraphs of the instruction given in *Rhoades* which, the *Rhoades* decision held do not impose a higher standard than reasonable doubt, do not misstate the law and are not so confusing and argumentative as to mislead the jury. *Id.* at 83, 822 P.2d at 980. The *Rhoades* court reiterated that the only appropriate instruction on reasonable doubt is the California jury instruction. *Id.* at 82, 822 P.2d at 979. The *Rhoades* court also held that the instruction at issue was not similar to the instruction in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), which was held to be contrary to the reasonable doubt standard. *Rhoades*, 121 Idaho at 82, 822 P.2d at 979. Taken together then, instructions Nos. 7 and 8 acceptably define the reasonable doubt standard of proof to which the state must be held in proving its case against Avelar. We find no error in the instructions.

### 4. Excessiveness of Sentence

Avelar contends that the district court erred in imposing a unified ten-year sentence, with a minimum term of confinement of two years. He argues that his criminal history revealed only a 1977 speeding ticket and that, under I.C. § 19–2521, he qualifies as a very favorable candidate for probation. He also argues that the district court persisted in its belief that Avelar had extensive involvement in major drug trafficking, a belief which was not based on supporting docu-

mentation or facts. Avelar argues that the district court failed to consider the positive recommendation of the presentence investigation report and the state's recommendation of a jail term rather than incarceration in the state penitentiary.

To establish that the sentence imposed was excessive, Avelar must show that, in light of the governing criteria, the sentence was excessive under any reasonable view of the facts. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992), *quoting State v. Broadhead*, 120 Idaho 141, 143–45, 814 P.2d 401, 403–05 (1991). We look to the fixed period of confinement, which in this case is two years. *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App. 1989). A term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568–69, 650 P.2d 707, 710–11 (Ct. App.1982). In reviewing a sentence, we will not substitute our view for that of the sentencing judge where reasonable minds might differ. *Id.* at 568, 650 P.2d at 710.

In its comments upon sentencing, the district court determined that the reasoning which led to the ten-year sentence at the initial trial was still valid. The district court concluded that the information presented in the updated presentence investigation report had done nothing to change the court's mind as to the nature of the crime or the appropriateness of a sentence of ten years, with a two-year minimum period of incarceration. The district court expressly relied on its

---

eration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge.

**2.** Instruction No. 8 reads:

A reasonable doubt is an actual doubt, based upon the evidence or lack of evidence, of which you are conscious after going over in your minds the entire case giving consideration to all the evidence. If you then feel uncertain and not fully convinced that the defendant is guilty or if you feel that you would

not be acting reasonably should you find him or her guilty, and if you believe that a reasonable man, in any matter of like importance in his own affairs, would hesitate to act because of such doubt as you are conscious of having, then that is a reasonable doubt and the defendant is entitled to the benefit of it. But if, after considering all the evidence, you have an abiding conviction of the truth of the charge, then you are convinced beyond a reasonable doubt and you should return your verdict accordingly.

earlier sentencing rationale, reiterating that a prison sentence was necessary so as not to depreciate the seriousness of Avelar's crime and to serve as a deterrent to others contemplating involvement with drugs.

We are satisfied that the district court gave due consideration to the well-established sentencing objectives. We conclude, therefore, that the district court did not abuse its discretion in imposing a fixed two-year period of incarceration to be followed by an indeterminate eight-year term. We affirm the sentence imposed by the district court.

### III.

### CONCLUSION

The retrial in Avelar's case did not violate his right to be protected against former jeopardy under the Idaho Constitution. Although the retrial was held more than six months after issuance of the remittitur, Avelar's right to speedy trial under I.C. § 19–3501 was not violated pursuant to the four factors enumerated in *Barker*. We hold that instruction No. 7, in conjunction with instruction No. 8, adequately described the reasonable doubt standard to the jury. We also hold that the unified ten-year sentence, with a minimum period of confinement of two years, was not abuse of the district court's sentencing discretion.

We affirm the judgment of conviction and sentence imposed for delivery of cocaine.

WALTERS, C.J., and LANSING, J., concur.