693 P.2d 1071

**Leo SHERMAN, aka Hayden L. Ashburn, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 15274.**

Court of Appeals of Idaho.

Dec. 14, 1984.

Gaylen L. Box, Pocatello, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven Berenter, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

While serving a prison sentence in North Dakota, Leo Sherman (also known as Hayden L. Ashburn) caused a "request for disposition of indictments, information or

complaints" to be filed in two counties in Idaho, pursuant to I.C. § 19–5001, the Interstate Agreement on Detainers Act (IAD). After his release from the North Dakota penitentiary, Sherman was arraigned first in Ada County and then in Bannock County, Idaho, on charges pending in those counties. Because he was not brought to trial in Bannock County within one-hundred eighty days following his request for disposition as required by I.C. § 19–5001(c)(1), Sherman filed a petition for writ of habeas corpus. After the petition was denied by the district court, Sherman entered a plea of guilty to the crime charged in Bannock County. Sherman appeals from denial of his petition for writ of habeas corpus. We hold Sherman waived any deficiency in the state's compliance with the IAD by subsequently entering a plea of guilty, and we affirm the denial of his petition.

 In *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59–60 (1969) our Supreme Court held that "[a] valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, *in prior proceedings.*" (Emphasis supplied.) The right to a speedy trial is one of the non-jurisdictional rights waived by a valid guilty plea. *Id.* One of the purposes of the IAD is to insure the guarantee of a speedy trial for a defendant. *United States ex rel. Esola v. Groomes*, 520 F.2d 830 (3rd Cir.1975); 21 Am.Jur.2d CRIMINAL LAW §§ 404, 405 pp. 669–73 (1981). A violation of the IAD is a non-jurisdictional error, waivable by a defendant when he pleads guilty. *United States v. Palmer*, 574 F.2d 164 (3rd Cir.) *cert. denied*, 437 U.S. 907, 98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978); *United States v. Hobson*, 686 F.2d 628 (8th Cir.1982); *United States v. Hach*, 615 F.2d 1203 (8th Cir.) *cert. denied* 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980); *Camp v. United States*, 587 F.2d 397 (8th Cir.1978).

Sherman does not suggest that his guilty plea was invalid. Rather he urges that because his attack under the IAD was by a *separate proceeding, i.e.,* habeas cor-

pus, the rule in *Clark* recognizing a waiver of defects and defenses *in prior proceedings* is inapplicable. We disagree. The alleged non-jurisdictional defect or defense having been waived by his plea, it matters not whether the alleged defects or defenses were asserted "in prior proceedings" or in a separate or subsequent proceeding. In our view the time and forum in which the alleged defect or defense is raised do not affect the scope of the waiver.

We affirm the district court's order denying Sherman's petition for writ of habeas corpus.