774 P.2d 895

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Edward P. SINDAK,
Defendant–Appellant.**

No. 17426.

Supreme Court of Idaho.

May 9, 1989.

Rehearing Denied June 29, 1989.

Beer & Cain, Boise, for defendant-appellant. Mitchell L. Egusquiza argued.

Jim Jones, Idaho Atty. Gen., Boise, David R. Minert, Deputy Atty. Gen. (argued).

SHEPARD, Chief Justice.

This is an appeal from a judgment of conviction of the misdemeanor crime of enticing children, I.C. § 18–1509, entered following trial in the magistrate court. Following an appeal to the district court, the judgment and conviction were affirmed. An appeal was taken therefrom to the Court of Appeals, which reversed the judgment of conviction on the basis that the statutory right to a speedy trial had been violated. *State v. Sindak*, 113 Idaho 893, 749 P.2d 1018 (Ct.App.1988). The State of Idaho brings this appeal from the decision of the Court of Appeals. We reverse and remand with instructions to the magistrate court that the judgment of conviction be reentered.

The sole question presented on this appeal are the implications and applicability to the present state of facts of I.C. § 19–3501(3). That statute provides in pertinent part:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> . . . .
>
> 3. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is

not brought to trial within six (6) months from the date that the defendant enters plea of not guilty with the court.

Defendant Sindak was charged in the magistrate court of the misdemeanor crime of enticing children. During the ensuing six months, the Sindak case had been scheduled for trial on two separate occasions. Due to the overcrowding of the magistrate court calendar, both trial dates were vacated. The record contains no showing that Sindak objected to the said vacating of the trial dates. We note parenthetically that statistics and records indicate that the dockets of the magistrate courts in Ada County are overcrowded in the extreme. It is common for a magistrate to set for trial six to ten misdemeanor cases at the same time on the same day. This is done in the hopes that most of those cases set will be vacated through a guilty plea. Statistics reveal that approximately forty-four thousand misdemeanor and traffic infraction cases are processed by the magistrate courts in the Fourth Judicial District of Idaho per year. "The Idaho Courts 1987 Annual Report Appendix," p. 80.

In the instant case, Sindak's trial was commenced six months and twenty-four days after he had entered his plea of not guilty. Sindak moved for dismissal on the grounds that his statutory right to a speedy trial had been violated. I.C. § 19–3501(3). That motion was denied, the cause proceeded to trial, and the defendant was convicted as charged. An appeal was taken to the district court as aforesaid, and the conviction was affirmed.

Thereafter Sindak appealed to the Court of Appeals. There it was found that the trial delay was attributable to the court, and such delay and rescheduling had not been requested, caused or stipulated to by the defendant. Likewise, there is no showing here that the delay and rescheduling was requested, caused or stipulated to by the prosecution. The Court of Appeals held that the delay in trial violated the guarantees of the statute, and ordered the judgment of conviction vacated. From that decision the State brings this appeal asserting the applicability of the balancing test enunciated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The State argues that applying the *Barker* balancing test to the instant facts requires the validation and affirmation of the defendant's conviction in the instant case.

We note that Sindak did not assert, nor did the Court of Appeals base its decision upon a constitutional right to a speedy trial, as guaranteed by the sixth amendment to the United States Constitution, nor any provision of the Idaho Constitution. Rather, the decision of the Court of Appeals was based solely upon an asserted violation of Sindak's statutory right under I.C. § 19–3501.

■ We hold that the Court of Appeals in the instant case erred in relying almost exclusively upon the decision in *State v. Hobson*, 99 Idaho 200, 579 P.2d 697 (1978). In *Hobson*, as in the instant case, the Court declined to address the issue of the applicability of the sixth amendment of the United States Constitution guaranteeing the right to a speedy trial. The Court in *Hobson* rather, focused solely upon the Idaho statute which is a predecessor of the statute at issue in the instant case. The statute considered in *Hobson* required a defendant to be tried during the next term of court after the information is filed. The opinion in *Hobson* emphasized the need for such trial during the next term of court *unless good cause to the contrary is shown*. The Court noted that the State "has not shown any justification for failure to prosecute appellant during the two intervening terms of court ... as is required by I.C. § 19–3501." Thereafter, in *State v. Talmage*, 104 Idaho 249, 658 P.2d 920 (1983) and the case of *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983), the courts considered the same necessity for trial at the following term of court as required by the statute. The facts in both *Talmage* and *Campbell* differ somewhat from the instant case in that part of the delays were attributable to the defendant. Nevertheless, the Court of Appeals stated in *Campbell*:

Prejudice is a central factor in analyzing the right to speedy trial. (citation omit-

ted). Where a defendant fails to make a showing of reasonable possibility of prejudice, this factor should be given very little weight, if any, for the defendant. Here there is no contention that Campbell's ability to present his defense was impeded by the delay. He has not alleged or shown that he was prejudiced by the delay in any way. We can ascribe no weight to the factor of prejudice in this case.

*Campbell,* 104 Idaho at 711, 662 P.2d 1149. The decision of this Court in *State v. Carter,* 103 Idaho 917, 655 P.2d 434 (1982) was likewise based upon the then statute requiring trial of criminal cases at "the next term of court in which the indictment is triable." In *Carter* this Court held that "the 'balancing test' laid down in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for interpreting the federal guarantee of speedy trial, is *consistent with the protection afforded by our own state constitution and statutes.*" 103 Idaho at 921, 655 P.2d 434. (Emphasis added.) The Court in *Carter* then proceeded to consider the factors of the *Barker* balancing test and rejected the claim of violation to a speedy trial after a delay of fourteen months.

The Court of Appeals in the instant case focused almost exclusively upon the decision of this Court in *Hobson,* and made only passing reference to the decision of this Court in *State v. Russell,* 108 Idaho 58, 696 P.2d 909 (1985). In so doing the Court of Appeals erred. In *Russell* we stated: "We further note that in the instant case, as distinguished from *Hobson* that it was not the prosecution who delayed the trial of the defendant; rather, the trial court upon its own motion vacated a trial setting because of congested and overloaded criminal trial docket." The Court further stated: "Here, the vacation of the trial setting for April 4, 1983, cannot be charged to the prosecution. Neither can it be charged to the defendant. Rather, it is neutral." 108 Idaho at 61, 696 P.2d 909.

We deem the instant case to be substantially indistinguishable from *State v. Russell,* 108 Idaho 58, 696 P.2d 909 (1985).

The delay of time in bringing the defendant in the instant case to trial, was twenty-four days beyond the six-month period prescribed in I.C. § 19–3501(3). That delay was not attributable to either the State or the defendant. The delay was solely attributed to the overly burdened trial calendar of the courts in the Fourth Judicial District. The Court of Appeals stated:

> We cannot agree with this conclusion although we are aware of the burdens of the trial court in managing an overflowing docket. Such management problems alone, however do not equal good cause for delay. We remind the court of the importance of the right at issue and the necessity of limiting justification for an abrogation of that right.

The decision of the Court of Appeals further indicated that the record "is devoid of any showing that an effort to avoid the delay was made—e.g., by the possibility of assigning the case to another local judge or by bringing in additional magistrates from elsewhere in the district to hear cases on a crowded local docket." We note the lack of any statutory or constitutional authority in the Court of Appeals to supervise the trial courts of this state.

Before the Court of Appeals the defendant-appellant raised issues in addition to that of speedy trial. Since the Court of Appeals found that Sindak's right to speedy trial had been violated, such issue was deemed dispositive, and the Court of Appeals did not rule on the remaining issues raised by Sindak. Since this Court today reverses the Court of Appeals on the speedy trial issue, we also briefly address those issues raised in the Court of Appeals, but not discussed in its opinion. Those issues were discussed and ruled upon in the well-reasoned opinion of the district court. We affirm the decision of the district court on those remaining issues and consider that only a summary review is necessary.

■ Sindak argues that I.C. § 18–1509(1) [1] is void for vagueness in that

1. **18–1509. Enticing of children.—(1)** A per-

son shall be guilty of a misdemeanor if that

the statute provides no notice as to the conduct that is forbidden. Hence, Sindak appears to be challenging the statute on the basis of overbreadth and vagueness. As noted in the decision of the district court, the statute is not overly broad. While the statute forbids one to persuade or attempt to persuade a minor child under sixteen to leave its home or school, or to enter buildings, etc. with the intent to conceal the child from public view, nevertheless the proscribed acts must be done *without proper authority*. As discussed in the opinion of the district court, permission or authority to do the proscribed acts may be express or implied, and the burden to show otherwise is placed on the State. The district court stated in its opinion:

> In determining the sufficiency of a statute, the words of the questioned statute should not be evaluated in the abstract but should be considered with reference to the particular conduct of the defendant. *State v. Lenz*, 103 Idaho 632, 634, 651 P.2d 566 (Ct.App.1982). In the context and circumstances of this case, the statute gave Sindak sufficient notice that attempting to persuade Jeremiah Bradshaw to leave his home without parental authority would subject him to the penalty of the law.

We agree, and affirm the district court in its holding that the statute in question is not void for vagueness, nor overbroad as intruding upon constitutionally protected conduct.

■ It was asserted before the district court and the Court of Appeals that the provisions of I.C. § 18–1509(1) should be narrowly construed to the fixed residence of a family. In the instant case it is charged that Sindak attempted to lure the child in question from a travel trailer parked next to the family home. Hence, it is argued by Sindak that a travel trailer is

not a home within the context of the statute. At trial the magistrate court ruled, and the district court affirmed on appeal, that the term "home" and "dwelling" are synonymous in meaning. We agree. In the instant case a travel trailer in which the child was spending the night was in the yard of the family residence, approximately ten to twelve feet from the parents' bedroom window. Historically the word "home" has been defined to include the main dwelling and its curtilage, under fourth amendment analyses. *See* W. La-Fave & J. Israel, *Criminal Procedure*, § 3.2(c) (1985). Curtilage is commonly defined as the enclosed space of ground and buildings immediately surrounding a dwelling house. *Black's Law Dictionary* (5th ed. 1969). We find no error in the decisions of the magistrate court and the district court.

■ Sindak also argues that the prosecution failed to prove the crime was committed in Ada County. We disagree. The parents of the child testified that the family residence was on a particular street within the limits of the city of Boise, and that the incident in question occurred at that address. We find no error.

We reverse the decision of the Court of Appeals and reinstate the decisions of the magistrate and district courts. The cause is remanded to the magistrate division of the district court for enforcement of the judgment. No costs allowed.

BAKES and JOHNSON, JJ., concur.

JOHNSON, Justice, specially concurring.

While I concur with the majority opinion, I am concerned that it does not sufficiently harmonize *State v. Hobson*, 99 Idaho 200, 579 P.2d 697 (1978) and *State v. Russell*,

---

person *attempts to persuade, or persuades,* whether by words or actions or both, a minor child under the age of sixteen (16) years to either:
(a) Leave the child's home or school; or
(b) Enter a vehicle or building; or
(c) Enter a structure or enclosed area, or alley, with the intent that the child shall be concealed from public view;

while the person is acting without the authority of (i) the custodial parent of the child, (ii) the state of Idaho or a political subdivision thereof or (iii) one having legal custody of the minor child. Nothing contained in this section shall be construed to prevent the lawful detention of a minor child or the rendering of aid or assistance to a minor child.

108 Idaho 58, 696 P.2d 909 (1985). The decision of District Judge Alan M. Schwartzman, the trial judge in this case, presents a succinct reconciliation of these two cases that is satisfying to me. Judge Schwartzman said:

Idaho Code section 19–3501(3) (Supp. 1986) prescribes a six-month period in which a criminal defendant must be brought to trial following a plea of not guilty to a misdemeanor offense. If his trial is not held within that time frame and the delay is not due to the defendant's application, the prosecution or indictment must be dismissed. Sindak entered a not guilty plea on October 1, 1985, and his trial was finally held, following two postponements, on April 24, 1986. Neither of the postponements were due to Sindak's application. Since the delay between the entry of the not guilty plea and the trial was six months and 24 days, Sindak has established a prima facie case under section 19–3501(3).

When a criminal defendant has established a prima facie case under section 19–3501, the burden shifts to the state to show that "good cause" existed for the delay. *State v. Hobson*, 99 Idaho 200, 202, 579 P.2d 697 (1978). In order to determine whether good cause has been shown, the factors set out by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 [92 S.Ct. 2182, 33 L.Ed.2d 101] (1972), are to be weighed by the court. *State v. Russell*, 108 Idaho 58, 62, 696 P.2d 909, 913 (1985). These factors are: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker*, 407 U.S. at 530 [92 S.Ct. at 2192].

Perhaps this formulation will be helpful to others, as it has been to me, in harmonizing *Hobson* and *Russell*.

McFADDEN, Justice (Pro Tem.) dissenting.

Idaho law imposes a high duty upon the State to see that a person is afforded all of his rights in a criminal action, including his right to a speedy trial. In interpreting I.C. § 19–3501, this Court has held that the State holds primary responsibility for bringing a case to trial. *State v. Hobson*, 99 Idaho 200, 579 P.2d 697 (1978). It is also the responsibility of the State to enforce a defendant's right to a speedy trial. A defendant has no duty to demand a speedy trial at the expense of waiving that right. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

I.C. § 19–3501, in pertinent part, provides:

The court unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

. . . .

(3) if a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.

Sindak was charged with a misdemeanor offense only, and the record indicates that Sindak was tried April 24, 1986, six months and twenty-three days after he entered his not guilty plea on October 1, 1985. Sindak's first trial date had been set for November 21, 1985. This setting was vacated and reset for trial on February 6, 1986. When the parties appeared for trial, once again the trial was vacated and again reset. There is no showing in the record that the delay was attributable to any action or waiver by the defendant. Accordingly, the defendant established a prima facie showing that his statutory right to a speedy trial under I.C. § 19–3501(3) has been denied. Thus, the burden to show "good cause" for the delay is upon the State. *State v. Hobson*, 99 Idaho at 202, 579 P.2d 697, 699; *State v. Stuart*, 113 Idaho 494, 745 P.2d 1115 (Ct.App.1987); *State v. Gabrielson*, 109 Idaho 507, 708 P.2d 912 (Ct.App.1985).

In the opinion of the majority, the delay in this case was attributable to a crowded court calendar, and as such, is justification for the lack of speedy trial. In my opinion, the mere fact that other cases of unde-

termined age demanded priority consideration of the magistrate, does not excuse the delay, absent a showing of total inability to bring the case to trial within the requisite time before another judge or magistrate, or that all the other cases then before the magistrate were of higher priority than defendant Sindak's. At the time of trial there were 10 magistrates assigned to Ada County, and fourteen assigned to the Fourth Judicial District of Idaho.

I.R.Cr.P. 50 allows "[a]ny hearings or proceedings [to] be continued at a time and place certain by order of the court upon *motion* of any party, upon stipulation of the parties, or upon motion of the court." (Emphasis added.) A motion on the part of the prosecution or the court necessitates notice to the defendant, and an opportunity to be heard. There is nothing in the record of this case to indicate compliance with this rule by either the prosecution or the court.

The courts, as an arm of the State, are obligated to comply with this statute as is any other party. Consequently, the Court cannot now exploit their own inaction in excusing non-compliance with I.C. § 19–3501.

In my opinion, the provisions of 19–3501(3) require dismissal of the misdemeanor offense charged against the defendant Sindak, which dismissal would be a ban to any further prosecution. I.C. § 19–3506.

HUNTLEY, Justice, dissenting.

I concur in the cogent and concise analysis of Justice McFadden. I respectfully take strong issue with the analysis of the majority.

Idaho Code § 19–3501 provides that the Court *must* order the prosecution be dismissed "if the trial has not been postponed upon his [the defendant's] application." Nowhere does the statute provide that there is an exception if the courts are at fault in the management of their calendars. Not only do we have adequate magistrates in this state to handle these matters, Idaho's thirty-three district judges are available to sit on these cases in an emergency. The very purpose of the statute is to require that the agencies of government, including both the prosecutor and the courts, provide a defendant a speedy trial.

The suggestion in the majority opinion that the court is a "neutral" party is unsupported either in case law or in logic. The caption of the case is the State of Idaho v. Sindak. The courts, for the purpose of managing their calendars, are part of the state and not part of the defense. The majority opinion totally eviscerates the statute and destroys the policy of both the legislature and what should be the policy of the Supreme Court, that misdemeanor defendants receive a speedy trial.

In this case there was a lack of speedy trial due solely to one reason, and that is, faulty calendar management, which I say in an uncritical way in that our courts regularly process thousands of cases each year and do so in a timely manner. One of the major reasons they are processed in a timely manner is that they are required to be processed in a timely manner. It is regrettable that we would destroy that laudable public policy of both the legislature and the courts in order to affirm the conviction of one defendant in one case.