852 P.2d 1384

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Ryan COTANT, Defendant–Respondent.**

No. 19777.

Supreme Court of Idaho,
Eastern Idaho, April 1993 Term.

May 21, 1993.

Larry EchoHawk, Atty. Gen., and Michael A. Henderson, Deputy Atty. Gen., Boise, for appellant. Michael A. Henderson argued.

George A. Southworth, Pocatello, for respondent.

**PER CURIAM.**

Very little need be written in regard to our disposition of this appeal brought by the State. The sole issue at stake is whether there was any error on the part of the two judges, the Hon. Gaylen Box initially, and the Hon. W.H. Woodland, district judge, on appellate review following the State's appeal from Judge Box's written decision.[1] Finding no error on the part of either court, we affirm.

---

1. Ryan Cotant pleaded not guilty to the charges of driving under the influence of alcohol and consumption by a minor at his arraignment on January 3, 1991. A pre-trial conference was scheduled for February 6, 1991, before the Hon. Garth S. Pincock. Judge Pincock disqualified himself because of a conflict of interest. The same occurred with two other magistrates. On May 23, 1991, the case was assigned to the Hon. Gaylen L. Box.

Judge Box set the matter for a pre-trial conference on July 2, 1991. At the pre-trial conference, Cotant asserted his right to a speedy trial under I.C. § 19–3501(3). At that time, Judge

At issue in the courts below were the provisions of I.C. § 19–3501(3), which state as here pertinent:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment dismissed in the following cases:
>
> ....
>
> 3. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters plea of not guilty with the court.

In determining whether a defendant's statutory speedy trial right has been violated, the defendant first must establish a prima facie violation of I.C. § 19–3501, which consists of a showing that 1) he was not brought to trial within six months of the entry of the not guilty plea and 2) the trial was not postponed upon his application. *State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (1989) (Johnson, J., concurring), *cert. denied*, 493 U.S. 1076, 110 S.Ct. 1125, 107 L.Ed.2d 1032 (1990). The burden then shifts to the prosecution to demonstrate good cause. This Court has embraced the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as the appropriate test for determining whether good cause exists under I.C. § 19–3501(3). *See State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (Johnson, J., concurring); *State v. Russell*, 108 Idaho 58, 62, 696 P.2d 909, 913 (1985). In *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192, the United States Supreme Court adopted a flexible approach for determining whether the right to speedy trial has been denied.

Four factors were identified which were to be considered in the balancing test: length of delay, reason for the delay, an assertion by the defendant of the right to a speedy trial, and prejudice to the defendant.[2]

The State first argues that a prima facie case was not established because it claims that the trial was postponed with Cotant's consent. That argument is unfounded. First, neither Cotant nor his attorney expressly waived Cotant's speedy trial right. In fact, Judge Box, at the beginning of the hearing held on July 2, 1991, recognized that Cotant had asserted his right to a speedy trial. Second, the record shows that Judge Box indicated that he could clear his calendar to hold the trial on July 3, 1991, but that the case was not scheduled for trial on that date. Third, the record also shows that not only was the defense unable to contact Brandy Thomas and Cotant, but that the State had been unable to contact the arresting officer for the proposed July 3 trial date. The State's inability to contact its key witness was at least partially the basis for Judge Box's decision not to schedule the trial for that date.

The State next argues that there was good cause for the delay. However, a proper *Barker* analysis of the circumstances of this case supports Judge Box's dismissal.

As for the first *Barker* factor, length of delay, the six month statutory period for bringing Cotant to trial pursuant to I.C. § 19–3501(3) ended on July 3, 1991. There had been an eight month delay from the time Cotant entered his plea of not guilty

---

Box indicated that he could clear his calendar so that the trial could be held on July 3, 1991 (the final day of the six-month statutory period) and asked the parties to attempt to contact their witnesses to proceed to trial the next day. Later that day, Judge Box conducted a hearing on the record. At that hearing, the State advised the court that it so far had been unable to contact the arresting officer; defense counsel advised that he had so far been unable to contact Cotant and that Cotant's key witness, Brandy Thomas, had left Idaho four days before. After the hearing, Judge Box scheduled the case for trial on September 3, 1991, but then granted Cotant's motion to dismiss on July 11, 1991. On appeal,

the district court, the Hon. W.H. Woodland, affirmed the magistrate's dismissal.

**2.** One might question why the *Barker* test is used to analyze statutory speedy trial rights when I.C. § 19–3501 mentions only "good cause." *Cf. State v. Hobson*, 99 Idaho 200, 202, 579 P.2d 697, 699 (1978). Although the reason for the delay and prejudice to the defendant are logically relevant to whether good cause exists, the other two *Barker* factors are not. Nonetheless, we will adhere to recent precedent for the time being until this issue is squarely presented to us.

to the trial date of September 3, 1991. The State's argument that two months of the delay can be attributed to the defendant is without merit for the same reasons for which we decline to find that Cotant requested postponement of the trial.

■ The State next argues that the delay in this case was "neutral" and therefore not attributable to the prosecution under *Sindak*, 116 Idaho 185, 774 P.2d 895. Here, the situation leading to the delay is substantially different from that of *Sindak*, where the court found that the "delay was solely attributed to the overly burdened trial calendar of the courts."[3] 116 Idaho at 187, 774 P.2d at 897. In this case three magistrates successively disqualified themselves on the basis of being acquainted with Cotant's family. When the prosecution learned on May 8, 1991, that Judge White would disqualify himself, there remained two months left in which to bring Cotant to trial. We agree with Judge Box's analysis:

> When the State undertook to prosecute this case it knew that it had to be prosecuted within the statutory time period. If delays were encroaching on that time period the State should have notified the court. Immediately upon becoming aware of a possible speedy trial problem, this court attempted to expedite the case. Certainly if the court had been advised earlier of a potential problem, it would have scheduled the case for trial sooner. The State cannot simply [sit] back and attribute delay to the court without at least notifying the court of an impending speedy trial problem and giving the court an opportunity to respond by assigning the case to an out of county magistrate or otherwise expediting the trial process. As stated above, there is an affirmative duty on the State to see to it that the case is brought to trial within the statutory time period. The State failed to meet that obligation.

Another prong of the balancing test to consider is a defendant's assertion of the right to a speedy trial. Although Cotant did not assert his right until July 2, 1991 (still within the statutory limit, although barely), this factor alone will not tip the balance in the State's favor. It is not the defendant's burden to ensure that he is brought to trial in a timely manner, but rather the onus is on the prosecution. *Cf. Barker*, 407 U.S. at 531, 92 S.Ct. at 2192.

■ Where a defendant asserts the violation of the speedy trial right, the central factor addressed by the courts is whether defendant has suffered prejudice as a result of the delay. *State v. Holtslander*, 102 Idaho 306, 313, 629 P.2d 702, 709 (1981).

The *Barker* court stated as follows with regard to the prejudice factor:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

*Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. If the prejudice asserted by the defendant is premised merely on anxiety and concern, such is generally insufficient and no speedy trial violation will be found. However, if the prejudice is pre-trial incarceration, or circumstances such as impairing the defendant's ability to defend the case, then a lack of speedy trial dismissal will be affirmed.

In this case, there was a showing by Cotant of substantial prejudice as a result of the delay. The substantial defense here

---

**3.** Moreover, the fact that a court system is overcrowded does not automatically mandate a finding that the reason for delay favors the prosecution rather than defense. "A more neutral reason [than an attempt to delay the trial in order to hamper the defense] such as ... *overcrowded courts* should be weighted less heavily but *nevertheless should be considered since the ultimate responsibility must rest with the government rather than with the defendant.*" *Barker*, 407 U.S. at 531, 92 S.Ct. at 2191 (emphasis added; footnote omitted).

proffered was that Cotant was *not* driving the involved vehicle and thus cannot be convicted of driving under the influence. Brandy Thomas, Cotant's key witness, would have testified that he, not Cotant, was driving the vehicle when it slid off of the icy road. By July 2, 1991, Thomas was no longer in Idaho, having left four days earlier to attend missionary training in Provo, Utah. Had the State notified Judge Box of a speedy trial problem, the case could have been set for trial prior to July 3, 1991. Either defense counsel or the prosecuting attorney could have taken the deposition of Cotant's key witness prior to the time the witness left the state of Idaho.

As the United States Supreme Court has noted, "[T]hese [four] factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193 (quoted in *State v. Holtslander*, 102 Idaho 306, 313, 629 P.2d 702, 709 (1981)). And, as this Court has remarked, "It should be noted that each of the *Barker* factors involves primarily factual inquiries, so that the decision of the trial court granting a dismissal is entitled to great weight." *State v. Holtslander*, 102 Idaho at 309, 629 P.2d at 705.

Our review of the record herein sufficiently illustrates that the magistrate properly concluded Cotant's I.C. § 19–3501(3) speedy trial rights were violated and such decision was properly affirmed by the district court.