858 P.2d 829

STATE of Idaho, Plaintiff–Respondent,

v.

Terrence Robert LUND, Defendant–Appellant.

Nos. 20308, 20309 and 20310.

Court of Appeals of Idaho.

Aug. 25, 1993.

Douglas R. Whipple, Minidoka County Public Defender, Burley, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

Terrence Robert Lund filed a motion to dismiss a charge of felony driving without privileges (DWP) for failure to timely prosecute pursuant to I.C. § 19–3501. The district court denied Lund's motion, and he subsequently entered a conditional plea of guilty, pursuant to I.C.R. 11(a)(2), reserving the right to appeal the denial of his motion to dismiss. Prior to sentencing, Lund was charged with an additional felony driving without privileges. Lund failed to appear for his sentencing on the first DWP charge. A new information was filed charging an additional count of felony bail jumping pursuant to I.C. § 18–7401. Lund eventually appeared and pled guilty to the second felony DWP and the felony bail jumping. For each of the three charges, the court imposed a three-year indeterminate sentence, with one year of minimum confinement, to be served concurrently. Lund appeals from the denial of his motion to dismiss, as well as the sentences imposed. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On July 31, 1991, an information was filed against Lund for felony driving without privileges pursuant to I.C. § 18–8001(4). The original trial was scheduled for October 28, 1991, along with four other trials set to begin that date. The trial did not take place as scheduled. On January 6, 1992, the trial was reset for March 9, 1992.

On March 2, 1992, Lund filed a motion to dismiss, alleging the state's failure to prosecute his case in a timely manner. The motion was heard on March 6, 1992. Citing the over-burdened calendar of Cassia County as good cause, and finding no prejudice against the defense as a result of the delay, the district court denied the motion.

On March 9, 1992, the date set for trial, Lund appeared with counsel and, pursuant to an agreement with the state, entered a conditional plea of guilty. In his plea, Lund specifically reserved for appeal the issue of whether the district court erred in denying his motion to dismiss. The court accepted Lund's guilty plea and scheduled sentencing for May 8, 1992.

A second information was filed on April 16, 1992, charging Lund with an additional and separate felony DWP. Arraignment was scheduled for May 8, 1992, the same date as the sentencing for the first felony DWP charge. Lund failed to appear on May 8, and the district court issued a bench warrant. As a result of Lund's failure to appear at the May 8 sentencing/arraignment, an information was filed with the district court on August 29, 1992, charging Lund with felony bail jumping.

Lund was arrested pursuant to the warrant and pled guilty to the second DWP and the bail jumping charge on October 1, 1992. Lund requested at that time that the district court immediately proceed with sentencing for all three charges. This request was granted and the district court imposed three indeterminate sentences of three years, with one year of minimum confinement, to be served concurrently. Lund appealed.

## ANALYSIS

■ Although the issue of whether a defendant's right to a speedy trial has been denied is initially a matter within the trial judge's discretion, *In re Rash*, 64 Idaho 521, 526, 134 P.2d 420, 421 (1943), on appeal, we conduct an independent review of the lower court's decision. *State v. Stuart*, 113 Idaho 494, 496, 745 P.2d 1115, 1117 (Ct.App.1987).

Lund claims that he was deprived of his right to speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, by Article I, Section 13 of the Idaho Constitution and by I.C. § 19–3501. When evaluating an alleged violation of the right to speedy trial, the United States Supreme Court, in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), refused to adopt a rule that would require criminal matters to be tried within a certain number of days or months, finding that the nature of the speedy trial right guaranteed by the federal constitution neither requires nor permits the prescription of such a precise time period. The Court further stated that while the right to a speedy trial does not guarantee that a criminal matter will be tried within any specific time period, states could prescribe reasonable time periods consistent with constitutional standards. *Id.* at 523, 92 S.Ct. at 2188. The Idaho legislature, in adopting I.C. § 19–3501, chose to establish such a time limit.

In order for Lund to prevail, he must first establish a prima facie case under I.C. § 19–3501, which states in relevant part:

The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

.    .    .    .    .

2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the indictment or information is filed with the court.

Lund must therefore show both that he was not brought to trial within six months and that any postponement was not by his application. In this case, there is no dispute that these conditions are met. The March 9, 1992, trial date was six months and thirty-eight days after the information was filed. Furthermore, the record indicates that the reason for the delay was an overcrowded court docket and thus not attributable to Lund.

■ Once this prima facie case is established, the burden then shifts to the state to show "good cause." *State v. Hobson*, 99 Idaho 200, 202, 579 P.2d 697 (1978). "Good cause means there is a substantial reason which rises to the level of a legal excuse for the delay. There is no fixed rule for determining good cause for the delay of a trial. Initially, the matter is left to the discretion of the trial court." *State v. Johnson*, 119 Idaho 56, 58, 803 P.2d 557, 559 (Ct.App.1990).

In determining "good cause" under this statute, Idaho courts have adopted the balancing test set forth in *Barker v. Wingo*, *supra*. *State v. Carter*, 103 Idaho 917, 655 P.2d 434 (1981). The factors, as enumerated in *Barker* and adopted in various Idaho decisions are: (1) the length of the delay; (2) the reason or reasons for the delay; (3) the defendant's assertion of his or her rights; and (4) prejudice to the defendant occasioned by the delay. *State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (1989); *State v. Holtslander*, 102 Idaho 306, 629 P.2d 702 (1981); *State v. Wavrick*, 123 Idaho 83, 844 P.2d 712 (Ct.App.1992). Analysis under this test serves to both determine good cause under the statute and to ensure that state and federal constitutional guarantees are not violated.

### A. *Length of Delay*

■ The longer the delay in a given case, the more weight will be given to this factor and the harder it will be to show good cause. In this case, there were six months and thirty-eight days between the time the information was filed and the hearing for the motion to dismiss. Although this amount of time exceeds the statutory limit, it is not sufficiently excessive in itself to outweigh the other factors and preclude a finding of good cause. See

*State v. Lindsay,* 96 Idaho 474, 531 P.2d 236 (1975) (fourteen month interval between complaint and trial held not to constitute denial of speedy trial, when balanced against the other factors in the *Barker* test).

### B. *Reason for Delay*

■ The record in this case indicates that the reason for the delay was an overcrowded docket in Cassia County. A delay based on an overcrowded court docket is a neutral factor, not to be weighed against either party. *State v. Russell,* 108 Idaho 58, 61, 696 P.2d 909, 912 (1985).

### C. *Defendant's Assertion of Rights*

■ Lund did not assert his right to a speedy trial until after the six-month period had run. Despite having knowledge in October that the rescheduled trial date would exceed the six-month limit, Lund voiced no objection until after the period had expired. The Idaho appellate courts have consistently weighed this factor against the defendant when no right was asserted until after the statutory period had run. *State v. Johnson,* 119 Idaho 56, 803 P.2d 557 (1990) (demand made eight months after information filed); *State v. Russell,* 108 Idaho 58, 696 P.2d 909 (1985) (demand made seven months after remittitur from Court of Appeals); *State v. Lindsay,* 96 Idaho 474, 531 P.2d 236 (1975) (demand made thirteen months after the complaint was filed).

### D. *Prejudice to Defendant*

Perhaps the most important factor of the *Barker* test is whether or not the delay has resulted in any prejudice to the defendant. In *Barker,* the court identified three interests involved when considering prejudice: (1) the prevention of oppressive pre-trial incarceration; (2) the minimization of anxiety and concern of the accused; and (3) the

limiting of the possibility that the defense will be impaired. Lund was not incarcerated before the trial, nor was there a showing that the defense was impaired in any way by the delay. Lund does not allege that any undue or additional concern or anxiety was occasioned by the delay.

The factors in evaluating good cause in the case at hand are either neutral or weigh against the defendant. Therefore, good cause has been shown for the 38–day delay, precluding a dismissal under I.C. § 19–3501. Lund's motion to dismiss for failure to timely prosecute was properly denied. Furthermore, Lund's state and federal constitutional rights to a speedy trial have not been violated, as the foregoing analysis of the *Barker* factors demonstrate.

We next consider Lund's challenge to his sentences. He contends that because the first DWP charge ought to have been dismissed, the district court erred in considering that charge in sentencing for the second DWP and the felony bail jumping. Because we have concluded that Lund's motion to dismiss for failure to timely prosecute was properly denied, the district court did not err by considering Lund's first DWP guilty plea in sentencing on the second DWP and the felony bail jumping.

The order denying Lund's motion to dismiss for failure to timely prosecute and the sentences imposed by the district court are affirmed.

WALTERS, C.J., and LANSING, J., concur.