892 P.2d 903

STATE of Idaho, Plaintiff–Respondent,

v.

Roy R. GARCIA, Defendant–Appellant.

No. 21100.

Court of Appeals of Idaho.

March 23, 1995.

Petition for Review Denied May 2, 1995.

837

John A. Bradley, Burley, for appellant.

Larry EchoHawk, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., Boise, for respondent. Michael J. Kane argued.

LANSING, Judge

Roy R. Garcia pleaded guilty to a charge of battery with intent to commit a serious felony, I.C. § 18–911. He has appealed from the judgment of conviction entered on the guilty plea, asserting that his right to a speedy trial was violated in the proceedings before the trial court. We conclude that Garcia's right to a speedy trial was waived when he pleaded guilty, and therefore we affirm the judgment of conviction.

Garcia was charged with rape on November 5, 1992, and an information alleging that offense was filed December 4, 1992. Garcia initially pleaded not guilty, and a trial was scheduled for February 22, 1993. When that trial date was vacated because the presiding judge fell ill, the trial was reset for May 24, 1993. Garcia's attorney moved to vacate this second trial date because DNA testing had not been concluded. The district court vacated the May 24 trial date apparently due to Garcia's motion and a conflict of interest which necessitated the discharge of the attorney for Garcia's co-defendant whose trial was consolidated with that of Garcia. Trial was once again rescheduled, this time for October 12, 1993. Garcia's trial commenced on that date, but midway through the trial Garcia arrived at a plea agreement with the prosecutor by which he agreed to plead guilty to the lesser offense of battery with intent to commit a serious felony. A judgment of conviction was entered on the guilty plea, and Garcia was sentenced to a minimum term of ten years followed by an indeterminate term of five years.

The sole issue on appeal is whether Garcia's right to a speedy trial was denied in the proceedings before the district court. Garcia relies upon the speedy trial guarantees of the Sixth Amendment to the United States Constitution; Article I, Section 13 of the Idaho Constitution; and I.C. §§ 19–106, 19–3501. However, Garcia did not raise in the district court at any time any issue respecting the right to a speedy trial, nor did he, upon pleading guilty, reserve the right to appeal from the judgment or from any adverse ruling pursuant to I.C.R. 11(a)(2).

The State argues that Garcia waived his right to a speedy trial by his unconditional guilty plea. We find the State's position to be meritorious. A valid guilty plea, voluntarily and understandingly given, waives the right to a speedy trial. *Sherman v. State*, 107 Idaho 869, 870, 693 P.2d 1071, 1072 (Ct. App.1994) (waiver of speedy trial provision of I.C. § 19–5001(c)(1)).

Garcia responds, however, that deprivation of the speedy trial right guaranteed by the United States and Idaho Constitutions is fundamental error and therefore can be raised for the first time on appeal. Fundamental error has been defined as error "that so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process." *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992); *State v. Mauro*, 121 Idaho 178, 180, 824 P.2d 109, 111 (1991); *State v. Morris*, 116 Idaho 834, 836, 780 P.2d 156, 158 (Ct.App.1989). Fundamental error may be considered on appeal even though no objection was raised in the trial court. *Lavy*, 121 Idaho at 844, 828 P.2d at 873; *Mauro*, 121 Idaho at 180, 824 P.2d at 111.

Whatever merit this fundamental error argument might hold if Garcia had been convicted following a trial, it has no application here where he pleaded guilty. This is not a circumstance where the defendant and his attorney merely failed to raise a defense or objection that could have been asserted below. Rather, by pleading guilty Garcia affirmatively waived this alleged defect as well as most other nonjurisdictional defects and de-

fenses in the proceedings.[1] *See Clark v. State,* 92 Idaho 827, 832, 452 P.2d 54, 59 (1969); *State v. Gardner,* 126 Idaho 428 n. 6, 885 P.2d 1144, 1149 n. 6 (Ct.App.1994). The flaw in Garcia's position is not merely that the speedy trial right was not invoked below, but that the entry of an unconditional guilty plea constituted an election not to invoke such a right at all.

■ We note also that an alleged violation of speedy trial rights is particularly inappropriate for consideration for the first time on appeal because the appellate record, where no speedy trial challenge was raised below, is seldom adequate to permit resolution of the claim. Such a claim raises mixed questions of fact and law, and determining whether the right to a speedy trial has been infringed requires application of the balancing test enunciated in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972). This balancing test involves consideration of the length of the delay of the trial, the reason for the delay, the defendant's diligence in asserting his right, and prejudice to the defendant. *Id. See also State v. Sindak,* 116 Idaho 185, 186–87, 774 P.2d 895, 896–97 (1989), *cert. denied, Sindak v. Idaho,* 493 U.S. 1076, 110 S.Ct. 1125, 107 L.Ed.2d 1032 (1990); *State v. Russell,* 108 Idaho 58, 60, 696 P.2d 909, 911 (1985); *State v. Carter,* 103 Idaho 917, 921, 655 P.2d 434, 438 (1982); *State v. Campbell,* 104 Idaho 705, 708, 662 P.2d 1149, 1152 (Ct. App.1983). The factors to be considered in this balancing process often present factual issues, particularly with respect to the reasons for the delay and whether the defendant has suffered prejudice. If a motion for relief based on speedy trial rights was not asserted before the trial court, the State has received no opportunity to present evidence or otherwise make a record addressing those issues, and the trial court has not resolved factual issues in conducting the balancing test. Therefore, when the defendant asserts a speedy trial violation for the first time on appeal, the appellate court generally has neither factual findings of the trial court to review nor an adequate record upon which the appellate court could determine whether the *Barker v. Wingo* factors weigh in favor of the defendant or the State.

For the foregoing reasons, Garcia's guilty plea and his failure to seek relief in the district court for the alleged violation of his right to a speedy trial precludes our consideration of the issue on appeal.

The judgment of conviction entered upon Garcia's plea of guilty to the charge of battery with intent to commit a serious felony is affirmed.

WALTERS, C.J., and PERRY, J., concur.

---

1. Garcia does not contend that the deprivation of a speedy trial somehow compromised the voluntary and knowing nature of his guilty plea. *Compare State v. Gardner,* 126 Idaho 428, 885 P.2d 1144 (Ct.App.1994). Nor does he contend that he was unaware or insufficiently informed of his right to a speedy trial.