**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 33705**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2009 Opinion No. 44 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 10, 2009 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT HARRISON JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Judgment of conviction for enticing of children, affirmed.

The Roark Law Firm, Hailey, for appellant. Kevin P. Cassidy argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

GRATTON, Judge

Robert Joe Harrison, Jr. appeals the judgment of conviction and sentence entered upon a jury verdict finding him guilty of enticing of children. We affirm.

**I.**

**FACTS AND PROCEDURAL BACKGROUND**

On April 10, 2006, ten-year old S.G. was walking to his mother's work after school as he often did. S.G. testified that Harrison opened his vehicle door and insisted that S.G. get in. S.G. initially declined Harrison's invitation. S.G. testified that after eventually entering the vehicle he indicated the direction to his mother's place of work, but Harrison drove to his apartment and asked S.G. if he wanted to go inside and watch a movie. S.G. testified that he exited the truck, asked Harrison his name and departed. S.G.'s mother testified that she was not acquainted with Harrison and had never given Harrison permission to give S.G. a ride in his vehicle. The State charged Harrison with second degree kidnapping. Idaho Code §§ 18-4501(2), 18-4503. A jury

1

acquitted him of second degree kidnapping but found him guilty of the lesser included offense of enticing of children.  I.C. § 18-1509(1)(b).  This appeal followed.

## II.

## ANALYSIS

Harrison claims that the district court improperly instructed the jury on the offense of enticing of children.  The child enticement statute, I.C. § 18-1509, provides, in relevant part:

> (1)    A person shall be guilty of a misdemeanor if that person attempts to persuade, or persuades, whether by words or actions or both, a minor child under the age of sixteen (16) years to either:
>                    (a) Leave the child's home or school; or
>                    (b) Enter a vehicle or building; or
>                    (c) Enter a structure or enclosed area, or alley, with the intent that the child shall be concealed from public view;
> while the person is acting without the authority of (i) the custodial parent of the child, (ii) the state of Idaho or a political subdivision thereof or (iii) one having legal custody of the minor child.  Nothing contained in this section shall be construed to prevent the lawful detention of a minor child or the rendering of aid or assistance to a minor child.

Harrison was found guilty of violating I.C. § 18-1509(1)(b), enticing a child to enter a vehicle. Harrison asserts that the jury instruction on this lesser offense was incorrect because it omitted an intent element.  Harrison contends that the phrase "with the intent that the child shall be concealed from public view" in I.C. § 18-1509(1)(c) is also an element of the offenses described in I.C. §§ 18-1509(1)(a) and (b) and that the jury should have been so instructed.

The question whether the jury has been properly instructed is a question of law over which we exercise free review.  *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law.  *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).  However, in order to determine whether the jury was properly instructed, we must first resolve the question of whether the intent to conceal language in I.C. § 18-1509(1)(c) also modifies subsections (1)(a) and (b).

This Court exercises free review over the application and construction of statutes.  *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).   Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.  *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688

2

(1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation that will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). A construction of a statute that would lead to an absurd result is disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Harrison first argues that the Idaho Supreme Court adopted his reading of I.C. § 18-1509(1) in *State v. Sindak*, 116 Idaho 185, 774 P.2d 895 (1989). Harrison points to the following language from *Sindak* to support his argument:

> As noted in the decision of the district court, the statute is not overly broad. While the statute forbids one to persuade or attempt to persuade a minor child under sixteen to leave its home or school, or to enter buildings, etc. with the intent to conceal the child from public view, nevertheless the proscribed acts must be done *without proper authority*. As discussed in the opinion of the district court, permission or authority to do the proscribed acts may be express or implied, and the burden to show otherwise is placed on the State.

*Sindak*, 116 Idaho at 188, 774 P.2d at 898 (emphasis in original). Harrison argues that this language indicates the Supreme Court's view that the intent to conceal language of subsection (1)(c) applies to subsections (1)(a) and (b). However, it is clear from the opinion that the Court was not engaging in a statutory analysis of I.C. § 18-1509(1), but rather was engaging in a "summary review" of a claim regarding its constitutionality. The *Sindak* Court actually indicated that the "sole question" which it was addressing was the applicability of the statutory right to a speedy trial to the facts of that case. *Sindak*, 116 Idaho 185, 774 P.2d 895. However, after addressing that issue, the Court commented on Sindak's void for vagueness and overbreadth arguments as they related to I.C. § 18-1509(1) and, in so doing, included the language quoted above. *Id.* at 188, 774 P.2d at 898. When the *Sindak* opinion is read in its entirety, the language

3

upon which Harrison relies cannot be characterized as a holding or even dicta in regard to whether the intent to conceal language in I.C. § 18-1509(1)(c) also modifies subsections (1)(a) and (b). The question was neither presented to nor addressed by the *Sindak* Court. The Court's shorthand paraphrasing of the statute cannot fairly be read to imply anything relative to the Court's view of the structure or content of the statute or the individual subsections in relation to the intent to conceal requirement.

We conclude that, from a plain reading of the statute, the language "with the intent that the child shall be concealed from public view" in I.C. § 18-1509(1)(c) does not also modify subsections (1)(a) and (b). Each subsection is self-contained in regard to the elements of the offense. Nothing in the structure of I.C. § 18-1509(1) suggests that the intent to conceal language in subsection (1)(c) applies to subsections (1)(a) and (b). The subsections are each followed by a semi-colon and an "or."[1] "When punctuation discloses a proper legislative intent or conveys a clear meaning the courts should give weight to it as evidence." *State v. Nab*, 112 Idaho 1139, 1141, 739 P.2d 438, 440 (Ct. App. 1987) (quoting 2A SUTHERLAND ON STATUTES AND STATUTORY CONSTRUCTION § 47.15 at 157 (4th ed. 1984)).

In the void for vagueness argument in Harrison's appellate brief, he stated that "[i]n actuality, to attempt to apply the intent to conceal language, which is clearly drafted solely into subsection (1)(c), into subsections (1)(a) and (b), the court would [sic] engaging in statutory interpretation that would be strained by any standards." Again, at oral argument, Harrison acknowledged that the statute is plain on its face, but argued that the statute can be saved from unconstitutional vagueness only by importing the intent element into subsections (1)(a) and (1)(b). We agree that I.C. § 18-1509(1) is plain on its face and we are bound by the clear language of the statute. "It is the province of the Idaho legislature, not the courts, to define the elements of a crime." *State v. Nevarez*, 142 Idaho 616, 620, 130 P.3d 1154, 1158 (Ct. App. 2005).

In addition, as the district court noted, it is logical to require intent to conceal from public view in the circumstances described in subsection (1)(c) and not in subsections (1)(a) or (b). Subsection (1)(a) criminalizes enticement from home and school, which parents rely upon as safe havens. Subsection (1)(b) involves enticement into inherently concealing buildings and

---

[1] It should also be noted that the Session Laws mirror the structure of the actual statute. 1985 Idaho Sess. Laws 156. Therefore, there are not any punctuation errors in I.C. § 18-1509(1).

automobiles. On the other hand, subsection (1)(c) is much less descriptive of the place of enticement and may include places generally open to the public. Therefore, in such circumstances, adding the requirement of intent to conceal the child from public view makes sense so as not to criminalize all interaction with a minor which may involve movement from place to place.

The district court's jury instruction mirrored the language of I.C. § 18-1509(1)(b) without reference to the intent to conceal language of I.C. § 18-1509(1)(c). Therefore, the district court properly instructed the jury on the offense of enticing of children.

On appeal, Harrison also argues that I.C. § 18-1509(1) is unconstitutionally void for vagueness unless each of the subsections (1)(a)-(c) are modified by the language "with the intent that the child shall be concealed from public view" contained in subsection (1)(c). However, Harrison has not preserved this argument for appeal.

During argument on jury instructions, Harrison's argument was based on the language of I.C. § 18-1509(1) and his contention as to its proper construction. No void for vagueness claim was presented during argument on the jury instructions. After the jury returned a guilty verdict on enticing of children, Harrison moved, pursuant to Rule 29, for a judgment of acquittal and, in the alternative, for a new trial. During argument on these motions Harrison again raised his contention that, based upon statutory construction and the language quoted above from *Sindak*,[2] the jury instruction should have included the intent to conceal language. While vagueness was discussed in the context of further support for his contention as to how the statute should be construed, there is no indication in the record that Harrison requested that the district court hold I.C. § 18-1509(1) void for vagueness. Nor did Harrison provide the court with authority for any such constitutional challenge. While Harrison's counsel said, at the close of his remarks, that he was not giving up on a void for vagueness argument, he did not request a ruling on the statute's constitutionality. Moreover, the district court specifically stated, "So unless you're challenging for vagueness or overbreadth, <u>which that's not your challenge</u>, conceptual examples that we could apply that might be innocent conduct aren't going to matter here" (emphasis added). Thus, the district court's determination was based upon statutory construction and the court made no ruling on the statute's constitutionality under a void for vagueness analysis. "It is well settled

---

[2]    In *Sindak*, 116 Idaho at 188, 774 P.2d at 898, the Court also held that "the statute in question is not void for vagueness."

that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error." *State v. Huntsman*, 146 Idaho 580, 199 P.3d 155 (Ct. App. 2008) (citing *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). Harrison's void for vagueness argument was not preserved for appeal.

## III.

## CONCLUSION

The district court properly instructed the jury on the elements of I.C. § 18-1509(1)(b). Harrison did not preserve for appeal the issue of the statute's constitutionality under a void for vagueness analysis. The judgment of conviction is, therefore, affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**